Johnny MOORE, Appellant,

v.

ARMOUR & COMPANY, INC. and Joe Lee Browning, Appellees.

No. 07–87–0112–CV.

Court of Appeals of Texas, Amarillo.

April 13, 1988.

**328**

C.W. Pete Harland, Ralph H. Brock, Lubbock, for appellant.

James L. Wharton, Jones Trout Flygare Moody & Brown, Lubbock, for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

This appeal requires us to determine whether the trial court clearly abused its discretion in dismissing for want of prosecution, and refusing to reinstate, Johnny Moore's personal injury action filed eighteen years earlier against Armour & Company, Inc. and its former employee, Joe Lee Browning. Concluding that the trial court did not clearly abuse its discretion, we will affirm the judgment of dismissal.

Our review of Moore's appeal to challenge, with four points of error, the court's exercise of discretion begins with the recognition that a trial court not only has the inherent power to dismiss a cause for want of prosecution, *Bevil v. Johnson,*

157 Tex. 621, 307 S.W.2d 85, 87 (1957), but is expressly granted that power. Tex.R. Civ.P. 165a. The exercise of the dismissal power rests in the sound discretion of the court; and, on appeal, the court's judgment of dismissal will not be reversed unless as a matter of law the court clearly abused its discretion in rendering it. *Bevil v. Johnson, supra.*

◼ In exercising its discretion, the trial court was entitled to consider the entire history of the cause. *State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984). This cause had its inception on 7 February 1969 when Moore filed his action to recover damages sustained in an 11 February 1967 collision between the automobile he was driving and a truck owned by Armour and being driven by Browning. Armour and Browning answered with a general denial.

Moore's deposition was taken on 29 January 1971. Moore requested the deposition of Browning, but Browning then was and, despite numerous searches, continues to be unavailable.

The next recorded activity occurred when the cause was placed on the dismissal docket in May of 1973 and again in June of 1974, about which time counsel associated with Moore's attorney requested the cause be placed on the next jury docket for trial. In the interim, Moore had rejected an offer of settlement.

Afterwards, the cause was dismissed for want of prosecution on 17 December 1976. On Moore's motion, the cause was reinstated on the docket on 4 February 1977. A week later, the court approved the substitution of counsel for Moore.

In April of 1977, Moore's counsel gave notice of the desire to orally depose a medical doctor, but whether the deposition was taken is not recorded. On the following August 12, Moore's deposition was again taken.

Activity ceased until late 1979. In October of that year, the depositions of Browning's father and his fiance were taken. On October 30, Moore submitted interrogatories to Armour and Browning. The attorney for Armour and Browning moved on November 8 to quash the interrogatories on the grounds that Armour was no longer a viable entity, having been purchased by The Greyhound Corporation, and that the location of Browning was unknown. However, Armour's answers to the interrogatories were made on December 17. Four days later, Moore filed supplemental interrogatories to Armour, and they were responded to on 11 January 1980.

In August of 1980, Armour and Browning moved for dismissal of the cause. The following October, Moore's counsel of record moved for, and was granted, leave to withdraw. Moore secured other counsel, who on December 11 requested a trial setting.

Afterwards, the cause was set on the trial docket for the week of 4 September 1981, but the cause was not reached for trial. Subsequently, on September 18, the court heard the previously filed dismissal motion, and dismissed the cause for want of prosecution.

On appeal, we reversed the judgment of dismissal and remanded the cause for reinstatement on the docket of the trial court. *Moore v. Armour & Co., Inc.,* 660 S.W.2d 577 (Tex.App.—Amarillo 1983, no writ). We did so upon the conclusion that it was an abuse of discretion to dismiss the cause when Moore had announced ready, secured a trial setting and, as the record affirmatively reflected, was ready to go to trial. *Id.* at 578.

This Court's mandate issued on 5 December 1983. Thereafter, no activity was evinced until 20 November 1986, when the attorneys for Armour and Browning moved for a dismissal of the cause for want of prosecution. The following December 3, Moore's attorney filed a formal motion to withdraw. At a 9 January 1987 hearing on the withdrawal motion, the attorney testified, but Moore disputed, that when the cause was reinstated following the appeal he advised Moore of his withdrawal and delivered the file to Moore. The court permitted the withdrawal.

The 20 November 1986 motion to dismiss was answered on 23 January 1987, the day the motion was heard. In his answer,

Moore represented that he "has announced ready, stands ready for trial, and has requested the case to be set upon the trial docket."

After hearing the history of the cause and argument from counsel for Armour and Browning and from Moore's present counsel, the court, saying it "finds that the Defendant has been hopelessly prejudiced," dismissed the cause for failure to prosecute. The following March 6, the court denied Moore's motion to reinstate, and this appeal ensued.

With his four points of error, Moore contends that the trial court abused its discretion in so ruling. This occurred, he says, because (1) his 1980 announcement of ready and request for a trial setting remained viable when the case was dismissed, and (2) he announced ready and requested a trial setting at the hearing on the motion to dismiss; (3) his failure to prosecute was not intentional or the result of conscious indifference, but resulted from accident or mistake, or was otherwise reasonably explained; and (4) the court forgave any transgressions justifying dismissal by allowing his counsel to withdraw as attorney of record.

The central core of Moore's abuse-of-discretion-contention is that dismissal is precluded by his announcement of ready in 1980 and at the time of the last dismissal. He proposes that when his cause was reinstated upon remand from this Court, his 1980 announcement of ready and request for a trial setting remained viable, which imposed on the trial court the affirmative duty to set the cause for trial. Then, he concludes, when the court ignored that duty, ignored the announcement of ready and request for a trial setting at the hearing on the last motion to dismiss, and instead dismissed the cause, the court abused its discretion.

■ We agree with Moore's premise that when the cause was reinstated upon remand, the action stood on the docket as if it never had been dismissed. *Mitchell v. Mitchell,* 84 Tex. 303, 19 S.W. 477, 478 (1892). But we cannot agree that the court had an affirmative duty to then set the cause for trial, albeit the court could have done so. Instead, it was Moore's duty, once Armour and Browning had answered, to proceed with reasonable diligence to prosecute his cause to a conclusion. *Denton County v. Brammer,* 361 S.W.2d 198, 201 (Tex.1962). Nevertheless, Moore made no effort to prosecute his cause for three years after the remand.

■ In hearing the last dismissal motion, the court was entitled to consider that the cause had been on the docket for eighteen years; that Moore waited two years after filing his suit before he began discovery, at which time Browning was, and since has been, unavailable; that during the eighteen years the cause was pending, the only times Moore announced ready and requested a trial setting was when he was faced with a motion to dismiss for want of prosecution, and then never pressed for a trial; and that after the last reinstatement upon remand, Moore took no action to prosecute his cause for three years, only announcing ready and requesting a trial setting on the day the court heard and granted the motion to dismiss. On these considerations, the court reasonably could believe, consistent with its expressed finding, that Moore's delay haunted the administration of justice more so than that delay justifying a dismissal in *Southern Pacific Transp. Co. v. Stoot,* 530 S.W.2d 930, 931–32 (Tex.1975).

It does not profit Moore to argue, as he does, that the cause is in precisely the same posture as it was when it was appealed the first time. The remand then gave Moore the opportunity to prosecute his cause when he represented he was ready to do so; but, since the remand, another three years elapsed without any action by Moore to move the cause to trial.

■ Moreover, Moore's position that dismissal is precluded by an announcement of ready and request for a trial setting, together with a stated willingness to proceed, each time a motion to dismiss for want of prosecution is filed has been rejected, and correctly so in our view, in *Johnson v. J.W. Const. Co.,* 717 S.W.2d 464 (Tex.App.—Fort Worth 1986, no writ), and in *Lever-*

*mann v. Cartall,* 715 S.W.2d 728 (Tex.App. —Texarkana 1986, writ ref'd n.r.e.). That position would deny the trial court the right it has to consider the entire history of the cause, *Johnson v. J.W. Const. Co., supra,* at 467, and would impermissibly allow the cause to linger on the docket without being tried or dismissed. *Levermann v. Cartall, supra,* at 731. Furthermore, if the history of the cause otherwise justifies dismissal, the fact that the plaintiff asserts at the dismissal hearing a willingness to proceed is no bar to the dismissal. *Reed v. Reed,* 158 Tex. 298, 311 S.W. 2d 628, 630 (1958).

Then, under the circumstances of this cause, we cannot say that the court clearly abused its discretion in dismissing it for Moore's failure to prosecute it to a conclusion with reasonable diligence. *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976). The first two points of error are overruled.

■ Still, with his last two points, Moore contends that the court abused its discretion in refusing to reinstate the cause. He initially submits that if his assertion at the dismissal hearing that he did not intend to abandon the cause is immaterial, *Reed v. Reed, supra,* the assertion became the focus of inquiry at the hearing on his motion to reinstate under these guidelines:

> The court shall reinstate the cause upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

Tex.R.Civ.P. 165a(3). The rule was adopted, he notes, "to ameliorate the effect of a judge's dismissal for neglect and nonaction." *Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex.1980).

However, this cause was not dismissed by authority of rule 165a, which authorizes a dismissal "for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex.R.Civ.P. 165a(1); *Buchanan v. Masood,* 631 S.W.2d 219, 221 (Tex.App.—Amarillo 1982, no writ). Rather, it was dismissed under the court's inherent power to dismiss a cause for failure to prosecute it with due diligence, *Veterans' Land Bd. v. Williams, supra,* at 90–91, and consequently, the reinstatement procedures specified in rule 165a are not applicable. *Buchanan v. Masood, supra.* Yet, even if they were applicable, it was within the court's discretion not to find from the record the facts requiring reinstatement under the rule.

■ Finally, Moore suggests that permitting his counsel to withdraw after the last dismissal motion was filed constituted a forgiveness by the trial court of any past transgressions which would justify dismissal for failure to prosecute. This obtains, he argues, because it was counsel, whom he attempted to prompt to act, who failed to prosecute the suit.

With due respect to Moore's argument, the court was entitled to believe from the record that upon remand of the cause in 1983, counsel advised Moore of his withdrawal and returned the file to Moore, and that, consistent with the history of the cause, Moore again failed to take action to move the cause to trial with reasonable diligence. The same considerations that produced the dismissal were applicable in the hearing on the motion to reinstate, *State v. Rotello, supra,* at 508, and after an examination of the record, we cannot say the court clearly abused its discretion in refusing to reinstate the cause. Points of error three and four are overruled.

The judgment is affirmed.