G.B.'s Self Serve v. Barnes 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-143-CV

     G.B.'S SELF SERVE, INC., ET AL.,
                                                                                              Appellants
     v.

     ELWOOD BARNES,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 6-90
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal from a trial court's order dismissing the appellant's counterclaim against the
appellee for want of prosecution. We will affirm the trial court's order but remand the cause to
the trial court with instructions to hold a hearing on the appellant's motion to reinstate.
FACTUAL AND PROCEDURAL BACKGROUND
      In October 1983, the appellee, Elwood Barnes, purchased a convenience store/self-service
gasoline station located in Corsicana from T.T. Ross. Barnes became the successor-in-interest to
a lease agreement executed between Ross and the appellant, G.B.'s Self Serve, Inc., hereinafter
G.B.'s, whereby Barnes would sell gasoline provided by G.B.'s for a percentage of the monthly
gross profit of the gasoline sales. On January 3, 1990, Barnes sued G.B.'s alleging tortious
conduct and breach of contract.


 G.B.'s filed its original answer on May 4, 1990, and its original
counterclaim against Barnes on May 17, 1990. Discovery in the suit commenced in May 1990
and proceeded sporadically until May 1994 when the record indicates a cessation of all activity in
the case. According to the record, the next activity occurred on January 22, 1996, when the trial
court sent both parties a letter informing them the case was being placed on the court's dismissal
docket. It appears from the record this letter instigated a flurry of activity in the case. On
February 29, G.B.'s filed its second amended original answer, its first amended original
counterclaim, a motion to consolidate the Barnes case with another suit


, and a motion for
summary judgment. Barnes filed a motion to non-suit G.B.'s on March 1. 
      The trial court granted Barnes' motion to non-suit G.B.'s on March 5 and dismissed the entire
case on March 11, citing lack of compliance with the Supreme Court time standards as the reason
for dismissal. G.B.'s filed a motion to reinstate the case and for new trial on April 10. The court
took no action on this motion, and it was overruled by operation of law.
POINTS OF ERROR
      In three points of error, G.B.'s complains that the trial court erred by: (1) failing to hold a
hearing on G.B.'s motion to reinstate; (2) dismissing the counterclaim without providing G.B.'s
proper notification of the dismissal hearing; and (3) dismissing the counterclaim in violation of the
court's local rules when a request for a trial setting was on file with the court. We will first
address whether the trial court erred in dismissing G.B.'s counterclaim for want of prosecution
because, if dismissal of the counterclaim was error, there will be no need for us to determine
whether a hearing should have been held on G.B.'s motion to reinstate.
DID THE TRIAL COURT ERR IN DISMISSING THE COUNTERCLAIM 
WITHOUT PROPER NOTIFICATION OF THE DISMISSAL HEARING?
      In its second point of error, G.B.'s complains the trial court erred in dismissing its
counterclaim against Barnes for want of prosecution because G.B.'s was not provided proper
notice of the dismissal hearing. The trial court sent the following letter to both parties on January
22, 1996: 
The above entitled and numbered cause was placed on the Civil Docket of this County
on January 3, 1990.
 
I am placing it on the dismissal docket for March 1, 1996, at 9:00 a.m.
G.B.'s advances two arguments as to why this letter failed to provide proper notice of the court's
intent to dismiss G.B.'s counterclaim against Barnes: (1) the notice did not satisfy the requirements
of Texas Civil Procedure Rule 165a and (2) the notice did not satisfy due process requirements. 
We disagree. 
       According to G.B.'s, Rule 165a requires a trial court to send each party notice of its intent
to dismiss a case stating the date, time, and place of the dismissal hearing. See Tex. R. Civ. P.
165a. We agree with Barnes that G.B.'s has misconstrued when these requirements become
applicable. Rule 165a(1) requires that notice of a court's intent to dismiss be sent when a party
fails "to appear for any hearing or trial of which the party had notice." Id. Because the court, in
its dismissal order, indicated that the case was being dismissed for failure to comply with the
Supreme Court guidelines pursuant to Rule 165a(2), the requirements of Rule 165(a)(1) cannot be
said to apply. Even assuming, arguendo, the requirements of Rule 165a(1) apply in the instant
case, we fail to comprehend how G.B.'s can argue that the January 22 letter from the trial court
did not apprise it that the cause referenced in the letter would be dismissed. The letter informed
G.B.'s that the cause would be placed on the court's dismissal docket and that action on the case
would be taken at 9:00 a.m. on March 1. Consequently, we find no merit in G.B.'s argument that
the letter failed to state the date, time, and place of the dismissal hearing.
      G.B.'s also argues that it was not notified that a docket call of the court's dismissal docket
occurred on March 1, 1996, at 9:00 a.m. Citing this court's opinion in Davis v. Laredo Diesel,
Inc., G.B.'s maintains that, if the trial court dismissed G.B.'s counterclaim because G.B's failed
to appear at the docket call, the court erred. 611 S.W.2d 943, 946-47 (Tex. Civ. App.—Waco
1981, writ ref'd n.r.e.). We find no merit in this argument in that the court's dismissal order
clearly stated that the case was being dismissed for failure to comply with the Supreme Court
guidelines, not for G.B's failure to attend the March 1 docket call. Therefore, G.B's has failed
to meet its burden on appeal. See Tex. R. App. P. 50(d) (the appellant must supply the appellate
court with a sufficient record showing error requiring reversal). 
      Having concluded the notice sent to G.B.'s does not violate Rule 165a, we now address
whether the notice complied with due process of law. Due process requires proper notification
of a court's intention to dismiss a cause of action for want of prosecution. Donnell v. Spring
Sports, Inc., 920 S.W.2d 378, 386 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (citing
Hubert v. Illinois State Assistance Comm'n, 867 S.W.2d 160, 163 (Tex. App.—Houston [14th
Dist.] 1993, no writ) and Tramco Enter. v. Independent Am. Sav. Ass'n., 739 S.W.2d 944, 948
(Tex. App.—Fort Worth 1987, no writ)). In the present case, G.B.'s concedes that it received the
letter from the trial court notifying it that the case was going to be placed on the dismissal docket. 
The record supports such admission. Furthermore, the record also shows that G.B.'s filed several
documents with the court on the eve of dismissal. We conclude that, because G.B.'s had actual
notice of the court's intent to place the case on the dismissal docket, the court did not abuse its
discretion in dismissing G.B.'s counterclaim against Barnes. See State v. Rotello, 671 S.W.2d
507, 509 (Tex. 1984) (standard of review of a court's order dismissing a case for want of
prosecution is whether the court abused its discretion); Lowe v. U.S. Shoe Corp., 849 S.W.2d
888, 891 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (actual notice of a court's intent
to dismiss a case for want of prosection satisfies the requirements of due process). G.B.'s second
point is overruled.

DID THE TRIAL COURT ERR IN DISMISSING THE COUNTERCLAIM 
WHEN A REQUEST FOR A TRIAL SETTING WAS ON FILE WITH THE COURT?
      In its third point of error, G.B.'s complains the trial court violated its own local rule by
dismissing G.B.'s counterclaim against Barnes when G.B.'s had filed a trial request with the court. 
G.B.'s argues the trial court abused its discretion in dismissing G.B.'s counterclaim because the
court's local rules mandated that "[a]ll cases will be set for trial when requested and in the order
requested" and because G.B.'s had filed a trial setting request with the court. 
      The decision to dismiss a case for want of prosecution rests with the sound discretion of the
trial court, and we, as an appellate court, will not disturb the court's decision absent an abuse of
discretion. Rotello, 671 S.W.2d at 509. In determining whether a case should be dismissed for
want of prosecution, the trial court is at liberty to consider the entire history of the case. Id. The
fact that a party has made a request for a trial setting will not save a case from dismissal for want
of prosecution; such is merely a factor for the trial court to consider in deciding to dismiss a case
for want of prosecution. See Moore v. Armour & Co., Inc., 748 S.W.2d 327, 330-31 (Tex.
App.—Amarillo 1988, no writ).
      At the time the trial court dismissed the case on March 11, 1996, no activity had occurred in
the case since May 1994, and the only activity up to that point had been intermittent discovery. 
Consequently, we cannot say, based on the languid history of this six-year-old case, that the trial
court abused its discretion in dismissing it for want of prosecution notwithstanding the fact that
G.B.'s had notified the trial court that it was willing to proceed to trial in the near future. G.B's
third point is overruled.

DID THE TRIAL COURT ERR IN FAILING TO HOLD 
A HEARING ON APPELLANT'S MOTION TO REINSTATE?
      Having determined the trial court did not err in dismissing G.B.'s counterclaim against Barnes
because of improper notification of the court's intent to dismiss the case or because G.B.'s had
filed a request for a trial setting with the court, we now address G.B.'s point as to whether the trial
court erred in failing to hold a hearing on G.B.'s motion to reinstate its counterclaim against
Barnes.


 In its first point of error, G.B.'s argues the trial court abused its discretion in failing to
hold a hearing on G.B's motion because the language in Rule 165a(3) is mandatory. See Tex. R.
Civ. P. 165a(3). We agree.
      Rule 165a(3) provides that when a motion to reinstate a case dismissed for want of prosecution
is filed with the trial court the judge "shall set a hearing on the motion as soon as practicable." 
Id. The language of Rule 165a(3) does not allow the trial court discretion in whether to set a
hearing on motions for reinstatement, but requires the trial court to set a hearing on all timely filed
motions to reinstate. Thordson v. City of Houston, 815 S.W.2d 550 (Tex. 1991); Gulf Coast Inv.
Corp. v. NASA 1 Business Ctr., 754 S.W.2d 152, 153 (Tex. 1988). 
      Here, the trial court dismissed G.B.'s counterclaim on March 11, 1996. According to Rule
165a(3), G.B.'s then had 30 days to file a motion for reinstatement. Tex. R. Civ. P. 165a(3). 
G.B.'s filed its verified motion for reinstatement, along with a request for an oral hearing, on
April 10, 1996, which was within the prescribed 30-day time limit. Without holding an oral
hearing on G.B.'s motion, the trial court denied it. The trial court did not have the discretion to
deny the motion without a hearing, and, therefore, erred in doing so. See Thordson, 815 S.W.2d
at 550. 
      G.B.'s first point of error is sustained, and this cause is remanded to the trial court with
instructions to hold an oral hearing on G.B.'s motion to reinstate. 
 
       
                                                                   BOBBY L. CUMMINGS
                                                                   Justice


Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed in part and reversed and remanded in part
Opinion delivered and filed June 18, 1997
Do not publish