G.B.'s Self Serve v. Farmer 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-147-CV

Â Â Â Â Â G.B.'S SELF SERVE, INC.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â BRAD FARMER, D/B/A SACK IT
Â Â Â Â Â AND PACK IT,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 39-90
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â This is an appeal from a trial court's order dismissing the appellant's counterclaim against the
appellee for want of prosecution. We will affirm the trial court's order but remand the cause to
the trial court with instructions to hold a hearing on the appellant's motion to reinstate.
FACTUAL AND PROCEDURAL BACKGROUND
Â Â Â Â Â Â This appeal arises from a contract dispute between the appellee, Brad Farmer, d/b/a Sack It
and Pack It (Farmer), and the appellant, G.B.'s Self Serve, Inc. (G.B.'s). At the time Farmer
commenced his suit against G.B.'s on January 25, 1990, he was the lessee of a convenience
store/self-service gasoline station located in Corsicana. In his original petition, Farmer sought
$4,275.60 in contract damages arising from a gasoline-purchasing contract entered into between
G.B.'s and Farmer's predecessor, Elwood Barnes, and declaratory relief that the contract was
unenforceable as to him. G.B.'s filed its original answer and its original counterclaim against
Farmer in May 1990. Discovery in the suit commenced in May 1990 and proceeded sporadically
until May 1993 when the record indicates a cessation of all activity in the case. According to the
record, the next activity occurred on January 22, 1996, when the trial court sent both parties a
letter informing them the case was being placed on the court's dismissal docket. It appears from
the record this letter instigated a flurry of activity in the case. On February 29, G.B.'s filed its
second amended original answer, its first amended original counterclaim, and a motion to
consolidate the Farmer case with another suit.



Â Â Â Â Â Â The trial court dismissed the entire case on March 11, citing lack of compliance with the
Supreme Court time standards as the reason for dismissal. G.B.'s filed a motion to reinstate the
case and for new trial on April 10. The court took no action on this motion, and it was overruled
by operation of law.
POINTS OF ERROR
Â Â Â Â Â Â In three points of error, G.B.'s complains that the trial court erred by: (1) failing to hold a
hearing on G.B.'s motion to reinstate; (2) dismissing G.B.'s counterclaim without providing
G.B.'s proper notification of the dismissal hearing; and (3) dismissing the counterclaim in
violation of the court's local rules when a request for a trial setting was on file with the court. We
will first address whether the trial court erred in dismissing G.B.'s counterclaim for want of
prosecution because, if dismissal of the counterclaim was error, there will be no need for us to
determine whether a hearing should have been held on G.B.'s motion to reinstate.
DID THE TRIAL COURT ERR IN DISMISSING THE COUNTERCLAIM 
WITHOUT PROPER NOTIFICATION OF THE DISMISSAL HEARING?
Â Â Â Â Â Â In its second point of error, G.B.'s complains the trial court erred in dismissing its
counterclaim against Farmer for want of prosecution because G.B.'s was not provided proper
notice of the dismissal hearing. The trial court sent the following letter to both parties on January
22, 1996:
The above entitled and numbered cause was placed on the Civil Docket of this County
on January 3, 1990.
Â 
I am placing it on the dismissal docket for March 1, 1996, at 9:00 a.m.
G.B.'s advances two arguments as to why this letter failed to provide proper notice of the court's
intent to dismiss G.B.'s counterclaim against Farmer: (1) the notice did not satisfy the
requirements of Texas Civil Procedure Rule 165a and (2) the notice did not satisfy due process
requirements. We disagree. 
Â Â Â Â Â Â Â According to G.B.'s, Rule 165a requires a trial court to send each party notice of its intent
to dismiss a case stating the date, time, and place of the dismissal hearing. See Tex. R. Civ. P.
165a. We believe that G.B.'s has misconstrued when these requirements become applicable. Rule
165a(1) requires that notice of a court's intent to dismiss be sent when a party fails "to appear for
any hearing or trial of which the party had notice." Id. Because the court, in its dismissal order,
indicated that the case was being dismissed for failure to comply with the Supreme Court
guidelines pursuant to Rule 165a(2), the requirements of Rule 165(a)(1) cannot be said to apply. 
Even assuming, arguendo, the requirements of Rule 165a(1) apply in the instant case, we fail to
comprehend how G.B.'s can argue that the January 22 letter from the trial court did not apprise
it that the cause referenced in the letter would be dismissed. The letter informed G.B.'s that the
cause would be placed on the court's dismissal docket and that action on the case would be taken
at 9:00 a.m. on March 1. Consequently, we find no merit in G.B.'s argument that the letter failed
to state the date, time, and place of the dismissal hearing.
Â Â Â Â Â Â G.B.'s also argues that it was not notified that a docket call of the court's dismissal docket
occurred on March 1, 1996, at 9:00 a.m. Citing this court's opinion in Davis v. Laredo Diesel,
Inc., G.B.'s maintains that, if the trial court dismissed G.B.'s counterclaim because G.B's failed
to appear at the docket call, the court erred. 611 S.W.2d 943, 946-47 (Tex. Civ. App.âWaco
1981, writ ref'd n.r.e.). We find no merit in this argument in that the court's dismissal order
clearly stated that the case was being dismissed for failure to comply with the Supreme Court
guidelines, not for G.B's failure to attend the March 1 docket call. Therefore, G.B's has failed
to meet its burden on appeal. See Tex. R. App. P. 50(d) (the appellant must supply the appellate
court with a sufficient record showing error requiring reversal). 
Â Â Â Â Â Â Having concluded the notice sent to G.B.'s does not violate Rule 165a, we now address
whether the notice complied with due process of law. Due process requires proper notification
of a court's intention to dismiss a cause of action for want of prosecution. Donnell v. Spring
Sports, Inc., 920 S.W.2d 378, 386 (Tex. App.âHouston [1st Dist.] 1996, writ denied) (citing
Hubert v. Illinois State Assistance Comm'n, 867 S.W.2d 160, 163 (Tex. App.âHouston [14th
Dist.] 1993, no writ) and Tramco Enter. v. Independent Am. Sav. Ass'n., 739 S.W.2d 944, 948
(Tex. App.âFort Worth 1987, no writ)). In the present case, G.B.'s concedes that it received the
letter from the trial court notifying it that the case was going to be placed on the dismissal docket. 
The record supports such admission. Furthermore, the record also shows that G.B.'s filed several
documents with the court on the eve of dismissal. We conclude that, because G.B.'s had actual
notice of the court's intent to place the case on the dismissal docket, the court did not abuse its
discretion in dismissing G.B.'s counterclaim against Farmer. See State v. Rotello, 671 S.W.2d
507, 509 (Tex. 1984) (standard of review of a court's order dismissing a case for want of
prosecution is whether the court abused its discretion); Lowe v. U.S. Shoe Corp., 849 S.W.2d
888, 891 (Tex. App.âHouston [14th Dist.] 1993, writ denied) (actual notice of a court's intent
to dismiss a case for want of prosection satisfies the requirements of due process). G.B.'s second
point is overruled.

DID THE TRIAL COURT ERR IN DISMISSING THE COUNTERCLAIM 
WHEN A REQUEST FOR A TRIAL SETTING WAS ON FILE WITH THE COURT?
Â Â Â Â Â Â In its third point of error, G.B.'s complains the trial court violated its own local rule by
dismissing G.B.'s counterclaim against Farmer when G.B.'s had filed a trial request with the
court. G.B.'s argues the trial court abused its discretion in dismissing G.B.'s counterclaim
because the court's local rules mandated that "[a]ll cases will be set for trial when requested and
in the order requested" and because G.B.'s had filed a trial setting request with the court. 
Â Â Â Â Â Â The decision to dismiss a case for want of prosecution rests with the sound discretion of the
trial court, and we, as an appellate court, will not disturb the court's decision absent an abuse of
discretion. Rotello, 671 S.W.2d at 509. In determining whether a case should be dismissed for
want of prosecution, the trial court is at liberty to consider the entire history of the case. Id. The
fact that a party has made a request for a trial setting will not save a case from dismissal for want
of prosecution; such is merely a factor for the trial court to consider in deciding to dismiss a case
for want of prosecution. See Moore v. Armour & Co., Inc., 748 S.W.2d 327, 330-31 (Tex.
App.âAmarillo 1988, no writ).
Â Â Â Â Â Â At the time the trial court dismissed the case on March 11, 1996, no activity had occurred in
the case since May 1993, and the only activity up to that point had been intermittent discovery. 
Consequently, we cannot say, based on the languid history of this six-year-old case, that the trial
court abused its discretion in dismissing it for want of prosecution notwithstanding the fact that
G.B.'s had notified the trial court that it was willing to proceed to trial in the near future. G.B's
third point is overruled.

DID THE TRIAL COURT ERR IN FAILING TO HOLD A 
HEARING ON APPELLANT'S MOTION TO REINSTATE?
Â Â Â Â Â Â Having determined the trial court did not err in dismissing G.B.'s counterclaim against
Farmer because of improper notification of the court's intent to dismiss the case or because G.B.'s
had filed a request for a trial setting with the court, we now address G.B.'s point as to whether
the trial court erred in failing to hold a hearing on G.B.'s motion to reinstate its counterclaim
against Farmer.


 In its first point of error, G.B.'s argues the trial court abused its discretion in
failing to hold a hearing on G.B's motion because the language in Rule 165a(3) is mandatory. See
Tex. R. Civ. P. 165a(3). We agree.
Â Â Â Â Â Â Rule 165a(3) provides that when a motion to reinstate a case dismissed for want of prosecution
is filed with the trial court the judge "shall set a hearing on the motion as soon as practicable." 
Id. The language of Rule 165a(3) does not allow the trial court discretion in whether to set a
hearing on motions for reinstatement, but requires the trial court to set a hearing on all timely filed
motions to reinstate. Thordson v. City of Houston, 815 S.W.2d 550 (Tex. 1991); Gulf Coast Inv.
Corp. v. NASA 1 Business Ctr., 754 S.W.2d 152, 153 (Tex. 1988). 
Â Â Â Â Â Â Here, the trial court dismissed G.B.'s counterclaim on March 11, 1996. According to Rule
165a(3), G.B.'s then had 30 days to file a motion for reinstatement. Tex. R. Civ. P. 165a(3). 
G.B.'s filed its verified motion for reinstatement, along with a request for an oral hearing, on
April 10, 1996, which was within the prescribed 30-day time limit. Without holding an oral
hearing on G.B.'s motion, the trial court denied it. The trial court did not have the discretion to
deny the motion without a hearing, and, therefore, erred in doing so. See Thordson, 815 S.W.2d
at 550. 
Â Â Â Â Â Â G.B.'s first point of error is sustained, and this cause is remanded to the trial court with
instructions to hold an oral hearing on G.B.'s motion to reinstate. 
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed in part and reversed and remanded in part
Opinion delivered and filed June 18, 1997
Do not publish



inty of the
punishment assessed absent the improper argument, we note that the State presented
evidence at punishment that Lyons had committed robberies at two convenience
stores in the same area as the Whataburger restaurant he was convicted of
robbing.  The State presented evidence of the impact one of these extraneous
robberies had had on children who were present at that store.Â  The State also
presented evidence that Lyons was on community supervision for burglary at the
time he committed these robberies.Â  See Archie v. State, 181 S.W.3d 428,
432 (Tex. App.ÂWaco 2005, pet. filed) (finding it Âlikely that the same
punishment would have been assessed regardless of the improper commentÂ Âdue to
the strength of the StateÂs punishment caseÂ); Zunker, 177 S.W.3d at
87-88 (considering extraneous offenses in evaluating certainty of punishment); Rivera,
82 S.W.3d at 71 (considering defendantÂs extensive criminal history in
evaluating certainty of punishment).

Â Â Â Â Â Â Â Â Â  Given the relatively mild nature of
the improper argument and the certainty that the jury would have assessed the
same punishment regardless of the improper argument, we conclude that the
improper argument did not affect LyonsÂs substantial rights.Â  See Martinez, 17 S.W.3d at 694; Zunker, 177 S.W.3d at 88; Rivera, 82 S.W.3d at
70-71.Â  Thus, Lyons was not prejudiced by trial counselÂs failure to object to
the argument.

Conclusion

Â Â Â Â Â Â Â Â Â  The
trial courtÂs instruction to disregard cured any prejudicial effect from the
prosecutorÂs argument which attacked defense counselÂs credibility.Â  Accordingly,
 Lyons was not prejudiced by trial counselÂs failure to obtain a ruling on the
motion for mistrial.Â  The prosecutorÂs improper argument regarding the
sentencing expectations of the victims and their families did not affect LyonsÂs substantial rights.Â  Accordingly, Lyons was not prejudiced by trial counselÂs failure
to object to the argument.Â  Therefore,
we overrule LyonsÂs sole issue.

We affirm the judgment.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Affirmed

Opinion delivered and
filed March 22, 2006

Do not publish

[CRPM]









[1]
Â Â Â Â Â Â Â  The Court of Criminal Appeals has granted review
on issues other than improper jury argument, namely:

Â Â Â Â Â Â Â Â Â Â Â  1. The Court of
Appeals erred by holding the StateÂs failure to elect which specific
transaction it intended to rely upon for conviction was constitutional error
analyzed for harm under Rule 44.2(a) of the Texas Rules of Appellate Procedure.

Â Â Â Â Â Â Â Â Â Â Â  2. The Court should
reexamine its holding in OÂNeal v. State to determine: (1) whether
overruling an election request constitutes automatic error despite no erroneous
evidentiary rulings or jury instructions; and (2) when the State is required to
elect which transaction it will rely upon for conviction.

Phillips v. State,
No. 04-0499 (Tex. Crim. App. Feb. 9, 2005) (order granting petition for
discretionary review).

Â 





[2]
Â Â Â Â Â Â Â Â Â  Arguably, the court implicitly
denied the motion for mistrial by allowing the argument to continue without
interruption.Â  See Tex. R. App.
P. 33.1(a)(2)(A).





[3]
Â Â Â Â Â Â Â Â Â  Including the victim of the
charged offense and the victims of the extraneous offenses proved at
punishment.