NO. 07-07-0251-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 21, 2007


 ______________________________



FRANCISCO CASTENADA PEREZ AND PATRICIA PEREZ, INDIVIDUALLY


AND AS GUARDIANS OF THE PERSON AND ESTATE OF


FRANCISCO PEREZ, JR., A MINOR, APPELLANTS



V.



LESTER WARREN AND VIRGINIA WARREN, INDIVIDUALLY AND AS


GUARDIANS OF THE PERSON AND ESTATE OF 


ADOLPHO PEREZ, A MINOR AND JESSIE CASAS, INDIVIDUALLY


AND AS GUARDIAN OF THE PERSON AND ESTATE OF 


VINCENT CASAS, A MINOR AND JESSIE CASAS, JR. , APPELLEES


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-522,237; HONORABLE RUBEN GONZALES REYES, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellants Francisco Castenada Perez and Patricia Perez, Individually, and as
Guardians of the Person and Estate of Francisco Perez, Jr., a minor, sought appeal of the
trial court's order of dismissal of their case. For the following reason we will dismiss their
appeal for want of jurisdiction.

 The trial court dismissed appellants' case pursuant to Tex. R. Civ. P. 165a for want
of prosecution by order signed March 23, 2007. Appellants timely filed a verified motion
to reinstate their case, extending the trial court's plenary power to reinstate their case and
the deadline to perfect an appeal. See Tex. R. Civ. P. 165a (3); Tex. R. App. P. 26.1(a)(3). 
Appellants filed a notice of appeal on June 22, 2007. (1)

 Meanwhile, the trial court issued no order on appellants' motion to reinstate. It was
therefore deemed overruled by operation of law on the seventy-fifth day after the order of
dismissal was signed. Tex. R. Civ. P. 165a (3). However, the trial court retained plenary
power to reinstate the case for an additional thirty days. Id. 

 We have now received a certified copy of an order of reinstatement of appellants'
case signed by the trial court on July 2, 2007, a date within that court's period of plenary
power to reinstate. Tex. R. Civ. P. 165a (3). When an action is reinstated after dismissal,
it stands on the docket as if it never had been dismissed. Moore v. Armour & Co., Inc., 748
S.W.2d 327, 330 (Tex.App.-Amarillo 1988, no writ). Generally, a final judgment is a
prerequisite to our appellate jurisdiction. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001). Accordingly, the trial court's decision to reinstate appellants' case within the 

period of its plenary power precludes the exercise of this Court's jurisdiction. We dismiss
the appeal for want of jurisdiction. Tex. R. App. P. 42.3. 


 James T. Campbell

 Justice



1. The file stamp of June 22, 2007, on appellants' notice of appeal is the ninety-first
day after the court signed its order of dismissal; thus, the notice of appeal is untimely. From
the limited record before us we note that appellants served their notice of appeal on June
20, 2007. Therefore, and because resolution of this issue is not germane to our decision,
we assume but do not decide that appellants' notice is deemed timely filed according to
the provisions of Tex. R. Civ. P. 5.