NO. 07-07-0251-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 21, 2007
_____

FRANCISCO CASTENADA PEREZ AND PATRICIA PEREZ, INDIVIDUALLY
AND AS GUARDIANS OF THE PERSON AND ESTATE OF
FRANCISCO PEREZ, JR., A MINOR, APPELLANTS

V.

LESTER WARREN AND VIRGINIA WARREN, INDIVIDUALLY AND AS
GUARDIANS OF THE PERSON AND ESTATE OF
ADOLPHO PEREZ, A MINOR AND JESSIE CASAS, INDIVIDUALLY
AND AS GUARDIAN OF THE PERSON AND ESTATE OF
VINCENT CASAS, A MINOR AND JESSIE CASAS, JR. , APPELLEES
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-522,237; HONORABLE RUBEN GONZALES REYES, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants Francisco Castenada Perez and Patricia Perez, Individually, and as

Guardians of the Person and Estate of Francisco Perez, Jr., a minor, sought appeal of the

trial court's order of dismissal of their case. For the following reason we will dismiss their

appeal for want of jurisdiction.

The trial court dismissed appellants' case pursuant to Tex. R. Civ. P. 165a for want of prosecution by order signed March 23, 2007. Appellants timely filed a verified motion to reinstate their case, extending the trial court's plenary power to reinstate their case and the deadline to perfect an appeal. *See* Tex. R. Civ. P. 165a (3); Tex. R. App. P. 26.1(a)(3). Appellants filed a notice of appeal on June 22, 2007.[1]

Meanwhile, the trial court issued no order on appellants' motion to reinstate. It was therefore deemed overruled by operation of law on the seventy-fifth day after the order of dismissal was signed. Tex. R. Civ. P. 165a (3). However, the trial court retained plenary power to reinstate the case for an additional thirty days. *Id.*

We have now received a certified copy of an order of reinstatement of appellants' case signed by the trial court on July 2, 2007, a date within that court's period of plenary power to reinstate. Tex. R. Civ. P. 165a (3). When an action is reinstated after dismissal, it stands on the docket as if it never had been dismissed. *Moore v. Armour & Co., Inc.*, 748 S.W.2d 327, 330 (Tex.App.–Amarillo 1988, no writ). Generally, a final judgment is a prerequisite to our appellate jurisdiction. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Accordingly, the trial court's decision to reinstate appellants' case within the

---

[1] The file stamp of June 22, 2007, on appellants' notice of appeal is the ninety-first day after the court signed its order of dismissal; thus, the notice of appeal is untimely. From the limited record before us we note that appellants served their notice of appeal on June 20, 2007. Therefore, and because resolution of this issue is not germane to our decision, we assume but do not decide that appellants' notice is deemed timely filed according to the provisions of Tex. R. Civ. P. 5.

period of its plenary power precludes the exercise of this Court's jurisdiction.  We dismiss the appeal for want of jurisdiction.  Tex. R. App. P. 42.3.


James T. Campbell
Justice