

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00401-CV

---

PANTEX SALES, INC., APPELLANT

V.

DALE ROUSH FARMS OF TEXAS, TEJAS FARMS, LTD., JON HART, WILLIAM JEFF HART, AND JOEL HART, APPELLEES

---

On Appeal from the 69th District Court
Sherman County, Texas
Trial Court No. 4318, Honorable Ron Enns, Presiding

---

February 14, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

This is an appeal from a final judgment dismissing a lawsuit for want of prosecution. Pantex Sales, Inc. contends that the trial court abused its discretion in issuing it. We affirm.

According to the judgment, Pantex filed the suit against Dale Roush Farms of Texas, Tejas Farms, Ltd., Jon Hart, William Jeff Hart, and Joel Hart (collectively referred to as the Harts) on October 19, 1999. The suit was assigned trial court cause number 4318. Neither the nature of the suit, the causes of action involved, nor purported facts

underlying those causes is reflected in the abbreviated appellate record before us.[1]

Nevertheless, the trial court iterated within its judgment that 1) the "case has been dormant since the parties completed briefing on the motions for summary judgment in 2012"; 2) "Plaintiff has failed to take any reasonable action to prosecute this case since the Court entered the order denying Defendants' motions for summary judgment"; 3) "Plaintiff's delay in failing to bring this case to trial or final disposition is unreasonable and presumptively demonstrates that Plaintiff has abandoned his suit"; and 4) "[t]he explanation and evidence offered by Plaintiff for the delay and lack of diligence is insufficient to rebut this conclusive presumption of abandonment." These findings led the trial court to dismiss the suit for want of prosecution on September 27, 2016.

*Jurisdiction*

The first issue we address is whether we have jurisdiction over the contentions of Pantex. Hart argues that we do not since Pantex did not file a notice of appeal naming it as an appellant until November 28, 2017, or over a year after dismissal. We disagree and overrule the contention.

---

[1] The burden lies with the appellant to provide the reviewing court with an appellate record sufficient to illustrate its entitlement to reversal. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam); *Delgado v. Garza*, No. 13-15-00344-CV, 2018 Tex. App. LEXIS 9619, at *16 (Tex. App.—Corpus Christi Nov. 27, 2018, no pet.) (mem. op.). The record at bar illustrates that though a notice of appeal was filed on December 22, 2016, Pantex allowed eight months to lapse before filing its designation of the record with the trial court clerk on September 27, 2017. The designation itemized a list of specific documents to include and ended with a general request for "[a]ny other documents required by law to be included in the Clerk's record." The clerk's record we received consisted of little more than the specific documents Pantex mentioned in its designation. Many of the items encompassed within Texas Rule of Appellate Procedure 34.5(a) were omitted, such as the pleadings. TEX. R. APP. P. 34.5(a) (itemizing the documents that must be included in the clerk's record unless the parties designate otherwise by agreement). Neither appellant nor appellees expressed concern about the missing documents here. Neither asked that the record be supplemented. Both simply filed their briefs with citation to the existing record. Under these circumstances, we hold that they waived their rights to any other documents encompassed within Rule 34.5(a) but omitted from the existing abbreviated clerk's record.

2

Through the means established in Texas Rule of Civil Procedure 306a, the trial court determined that neither Pantex nor their counsel received notice of its judgment until November 22, 2016. *See* TEX. R. CIV. P. 306a(4) (establishing the means by which a party may prove it did not receive notice of the execution of an appealable order). Thus, November 22, 2016, was designated as the date on which "the time periods mentioned in paragraph (1) of Rule 306a shall begin." Furthermore, a notice of appeal was filed on December 22, 2016, and within 30 days of November 22, 2016. *See* TEX. R. APP. P. 26.1 (stating that a notice of appeal must be filed within 30 days after the judgment is signed except when certain post-judgment actions are undertaken).

The entity named within the notice as effectuating the appeal was "Plaintiff, Dale Roush, Individually and as Trustee of the Dale Roush Assets Trust." Nothing of record indicates that Dale Roush, individually or as trustee, and Pantex Sales, Inc. are one and the same entity. Nor does the record indicate that the entity named in the notice was even a plaintiff in the suit initiated by Pantex.

The record does reflect, though, that Dale Roush may have been a plaintiff in separate, yet related, suits against the Harts. According to the latter's "Reply to Plaintiff's Response to DWOP Motion," the pending suit was one of three "brought by Dale Roush (and/or his confederate) against various members of the Hart family and/or their business entities." The three lawsuits purportedly consisted of 1) "this case, # 4318 . . . filed October 19, 1999 by Pantex Sales, Inc., a company owned by Dale Roush's ally, Don Grimm . . . against the Harts"; 2) "Case # 4319 . . . filed October 20, 1999 by Dale Roush against the Harts"; and 3) "Case # 4727, also involving Dale Roush and Joel Hart . . . filed [on] July 10, 2006." To this, we add several other bits of information appearing of record.

The first is an excerpt from the trial court's judgment. Per the excerpt, the trial court ordered "that all claims asserted by **Plaintiff DALE ROUSH, individually or in any capacity**, against any Defendant or third-party in this case are hereby and in all things dismissed, with prejudice, for want of prosecution." (Emphasis added). The second is the identity of legal counsel executing the notice of appeal and representing Pantex in defending against the motion to dismiss; they are the same. The third is the identity of the party and its legal counsel moving to extend the Rule 306a deadlines, which deadlines also happen to extend the time within which to perfect an appeal. *See* TEX. R. APP. P. 4.2 (b) (stating that the procedure to gain additional time to perfect an appeal because the appellant lacked notice of the appealable order is governed by Texas Rule of Civil Procedure 306a(5)). The party was Pantex and its legal counsel was the same as the counsel endeavoring to defeat the dismissal motion. Fourth, Pantex not only amended the notice of appeal in November of 2017 to reflect that it was the plaintiff that intended to appeal but also argued that mention of Roush was a mistake.

A party seeking to alter the trial court's judgment must file a notice of appeal. TEX. R. APP. P. 25.1(c). That notice also must state the name of each party filing it. TEX. R. APP. P. 25.1(d)(5). If a party does not comply with those rules, we have no jurisdiction to entertain its effort to alter the judgment. Yet, the factor determining the presence of jurisdiction is not the form or substance of the instrument filed but rather if it reflected a bona fide attempt to invoke appellate jurisdiction. *Warwick Towers Council v. Park Warwick LP.,* 244 S.W.3d 838, 839 (Tex. 2008). Given that 1) the sole plaintiff in the underlying suit was Pantex, 2) Pantex sought to defeat the dismissal motion, 3) Pantex sought to extend the deadlines by which an appeal could be perfected, 4) the style of the

4

original notice of appeal named Pantex as plaintiff, 5) the same counsel representing Pantex in the trial court filed the notice of appeal as "attorneys for the plaintiff," 6) Pantex filed an amended notice of appeal correcting the identity of the plaintiff/appellant, and 7) even the trial court mistakenly alluded to the sole plaintiff in the body of its judgment as "Dale Roush," we cannot but conclude that the original notice of appeal evinced a bona fide attempt by Pantex to invoke our jurisdiction. Thus, this court has jurisdiction to entertain the contentions of Pantex.

*Dismissal*

Next, we address the substance of the appeal. Again, Pantex argues that the trial court abused its discretion in dismissing the suit for want of prosecution. *See Simms v. Gonzalez*, No. 07-17-00066-CV, 2018 Tex. App. LEXIS 6131, at *6 (Tex. App.—Amarillo Aug. 6, 2018, no pet.) (mem. op.) (stating that a dismissal for want of prosecution is reviewed under the standard of abused discretion). We overrule the issue for several reasons.

First, and as previously stated, an appellant has the burden to provide the reviewing court with a record sufficient to support reversal. *Christiansen*, 782 S.W.2d at 843; *Delgado,* 2018 Tex. App. LEXIS 9619, at *16. The abbreviated record contains the final judgment of dismissal issued by the trial court. Through it, the trial court stated in the second paragraph that "having considered the motion, all responses and replies thereto, **the Court's file**, the supporting evidence received, the arguments of counsel, **and the Court's file**, [it] is of the opinion that Defendants' Motion for Dismissal for Want of Prosecution should be GRANTED." (Emphasis added). The italicized portion of the quoted language reveals that the trial court considered its file, among other things, in

5

deciding to dismiss the suit. Yet, the appellate record lacks the entirety of the "Court's file." But, without the missing information considered by the trial court, we cannot say that the trial court abused its discretion in dismissing the suit. Rather, we must presume that it supports the decision. *See Jimenez v. Metlife Home Loans*, No. 07-14-00052-CV, 2015 Tex. App. LEXIS 3135, at *6 (Tex. App.—Amarillo Mar. 31, 2015, pet. denied) (mem. op.) (stating that we must presume the omitted portions of the record are relevant to this appeal and support the trial court's judgment or decision).

Second, trial courts have considerable discretion in managing their dockets, though such discretion is not unbridled. *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (per curiam). That discretion encompasses its authority to dismiss the suit through its inherent powers or the powers granted in Texas Rule of Civil Procedure 165a. *Id.*

Regarding Rule 165a, it affords trial court authority to dismiss when the case has not been disposed of within the time standards promulgated by the Texas Supreme Court. *Id.* at 535; TEX. R. CIV. P. 165a (2) (stating that any cause not disposed of within time standards promulgated by the Supreme Court may be placed on the dismissal docket). One such time parameter states that a district court should, so far as reasonably possible, ensure that all civil jury and non-jury cases reach a final disposition within 18 and 12 months, respectively. TEX. R. JUD. ADMIN. 6.1(a)(1), (2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West Supp. 2018). Having been filed in 1999, the suit at bar was not disposed of within either time period. Thus, the trial court was entitled to dismiss the action, absent a reasonable explanation for the delay. *See In re Conner*, 458 S.W.3d at 535 (stating that "[t]he Peels' suit well exceeded this time frame" and "[a]bsent any

6

reasonable explanation for the delay, the trial court clearly abused its discretion by disregarding the conclusive presumption of abandonment").

Pantex attempted to explain the 16-year delay by suggesting that Rule 6.1(a) did not apply since the cause was a complex case or involved special circumstances. *See* TEX. R. JUD. ADMIN. 6.1(d) (stating that "in especially complex cases or special circumstances, it may not be possible to adhere to" the time standards). Pantex, then, recited its definition of what constituted a complex case, that definition being "'[l]itigation involving several parties who are separately represented, and usu. involving multifarious factual and legal issues.' Complex Litigation, BLACK'S LAW DICTIONARY 1017 (9th ed. 2009)." That was followed with:

> This case is both complex and involves special circumstances, including but not limited to: all parties substituting counsel multiple times, extensive discovery issues, multiple summary judgments, attempts at consolidating multiple cases with similar parties, an intervening bankruptcy stay due to the bankruptcy of one of the defendants, and a previous appeal to the 7th Court of Appeals. See C.R. 17-29.

We initially note that the wording of Rule 6.1(d) does not *per se* remove complex suits or suits encompassing special circumstances from the scope of 6.1(a). Again, it states that "in especially complex cases or special circumstances, it may not be possible to adhere to" the time standards. TEX. R. JUD. ADMIN. 6.1(d). The phrase "may not be possible to adhere" to the times standards is not equivalent to "the time standards do not apply." Rather, the former merely recognizes that an action's complexity or the presence of special circumstances may permit deviation from the periods; it does not mandate that deviation occur. So, in effect, complexity and special circumstances are factors which the trial court may consider in deciding whether to dismiss; they do not automatically pretermit dismissal where other circumstances warrant it.

7

Next, we note that Pantex's acknowledgement that its reference to "C.R. 17-29" is a reference to "the civil docket sheet, or 'index'" of the trial court. That means it attempted to use the docket sheet and its entries as evidence depicting the complexity of the suit. Yet, docket sheet entries are not evidence on which a party may rely in an appeal. *Satterfield v. State*, 367 S.W.3d 868, 869 n.1 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). They are not part of the appellate record, and do not constitute evidence that the events described actually occurred. *Id.*; *accord Gonzalez v. Sanchez*, No. 07-16-00289-CV, 2018 Tex. App. LEXIS 1467, at *8 (Tex. App.—Amarillo Feb. 23, 2018, no pet.) (mem. op.) (stating that "[b]ecause docket sheet notations are not evidence, we will not consider them in our review"). So, the content of "C.R. 17-29" is no evidence supporting the proposition that the cause at bar is or was a complex suit or implicated special circumstances.

We also note that even if the definition of complex cases offered by Pantex were adopted here, we cannot say that appellant satisfied it. The meaning offered us includes the presence of "multifarious factual and legal issues." Yet, Pantex does not describe for us the nature of the factual and legal issues underlying its dispute with the Harts. Nor do the docket entries it referenced, even if we could consider them. Furthermore, both experience and common sense reveal that litigation may remain less than complex despite the presence of multiple parties and attorneys. A suit on a promissory note may well remain simple despite the presence of multiple payees with separate legal counsel, for instance. Much depends upon other circumstances present in the litigation, such as the pertinent legal and factual issues. And, again, we were not told of the relevant legal and factual issues underlying the suit at bar.

As for other evidence purportedly explaining the delay, we note the presence of Donald Grimm's affidavit. Apparently, he was the president of Pantex, and attempted to explain the delay by describing how an individual helping him prepare the suit suffered injury. The injuries allegedly impeded that person's ability to offer assistance. Yet, the injuries allegedly occurred in and after 2015. Their having occurred so late in the life of the suit fails to adequately explain why preparation for and disposition of the litigation could not have occurred during the preceding fourteen years. The same also is true of Grimm's statement that another person was hired to help in April of 2016. That too fails to explain the pre-2015 delay. More importantly, the trial court had no obligation to simply focus upon activity from 2015 until the Harts moved for dismissal. It was entitled to consider the entire history of the proceeding. *See Moore v. Armour & Co.*, 748 S.W.2d 327, 330-31 (Tex. App.—Amarillo 1988, no writ) (*Moore II*) (stating that the position urged would deny the trial court the right to consider the entire history of the cause). Grimm's affidavit failed to address that entire history.

Nor is the allegation that a trial date recently had been assigned to the cause determinative for several reasons. First, the only purported evidence of a trial setting is a "Notice of Trial Setting" appended to the brief of Pantex; documents appended to a brief but omitted from the appellate record are not evidence. *Hankston v. Equable Ascent Fin.*, 382 S.W.3d 631, 633 n.1 (Tex. App.—Beaumont 2012, no pet.) Second, the aforementioned notice consists of a document sent by counsel for Pantex, not the trial court or an assistant on behalf of the trial court. We know of no authority allowing a party or its legal counsel to control a trial court's docket by unilaterally setting the cause for trial; indeed, it seems as if that may have occurred here since the trial court expressed in its

9

judgment that the "Plaintiff [Pantex] has failed to obtain a trial date."  Third, and as previously stated, the entire history of the cause was susceptible to consideration per our decision in *Moore II.*  One event is not controlling, as evinced in *Moore II* where we rejected the proposition that announcing ready for trial and requesting a trial setting somehow precluded dismissal.  The trial court was and is free to consider the suit's entire history.  *Moore*, 748 S.W.2d. at 331.  And, in following the lead of *Moore II*, others have held that the presence of a trial setting does not render dismissal an abuse of discretion. *See Barberee v. Fanning*, No. 11-16-00316-CV, 2018 Tex. App. LEXIS 8084, at *6-7 (Tex. App.—Eastland Oct. 4, 2018, no pet.) (mem. op.) (wherein the cause was assigned a particular day for final hearing or dismissal and the reviewing court affirmed the decision to dismiss for want of prosecution after considering *Moore II*, the lack of activity over the last four years, and the age of the case being "at least double[] the period of time outlined in the Rules of Judicial Administration for bringing a suit to trial"); *Ozuna v. SW. Bio-Clinical Labs.*, 766 S.W.2d 900, 902 (Tex. App.—San Antonio 1989, writ denied).[2]

All things must end.  Under the circumstances at bar, the trial court did not abuse its discretion in ending the life of a 16-year-old suit pending before it, and we affirm the judgment.

Per Curiam

---

[2] The decision in *Moore II,* effectively nullified, *sub silentio*, that portion of *Moore v. Armour & Co.*, 660 S.W.2d 577 (Tex. App.—Amarillo 1983, no writ) (*Moore I*) which held "[w]here, however, at the time of the dismissal hearing the plaintiff has announced ready for trial and has secured a trial setting or is otherwise making a diligent effort to get the case to trial, the case should not be dismissed for lack of prosecution."  *Id.*  And, we continue to agree that the entire history of the suit may be taken into account, not simply whether the cause has been set for trial.