**ESTATE of W. Thomas BOLTON,**
**Deceased, Appellant,**

v.

**Alton COATS et al., Appellees.**

**No. 1290.**

Court of Civil Appeals of Texas,
Tyler.

Oct. 9, 1980.

Rehearing Denied Nov. 26, 1980.

Joseph P. Witherspoon, John McC. Witherspoon, Austin, Tom Bankhead, Bankhead & Davis, Carthage, John E. Powers, Powers & Rose, Austin, for appellant.

Wm. C. Slusser, Baker & Botts, Houston, Jack B. Strong, Longview, H. Carter Bur-

dette, Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, Ralph Shank, Shank, Irwin, Conant, Williamson & Grevelle, Dallas, for appellees.

SUMMERS, Chief Justice.

This is a suit for money damages and other relief arising out of the operation of oil and gas leases in Panola County, Texas, which was previously before this court on appeal from a summary judgment granted appellees, 514 S.W.2d 482. We affirmed and the Texas Supreme Court in 1976 reversed and remanded the case to the trial court for trial on the merits, 533 S.W.2d 914.

W. Thomas Bolton, now deceased, was the owner of certain oil and gas leases in Panola County which had been assigned to him by Johnny Mitchell. Bolton later assigned his interest in these leases to Alton Coats and Olin Mathieson Chemical Corporation, appellees herein.

Coats, et al. (appellees) drilled a well upon the lease known as the No. 1 Cornelius Evans. The Texas Railroad Commission classified the well as a gas well. The executors of Bolton's estate claim that oil in paying quantities was produced from the well and that such information was wrongfully concealed from Bolton and the Railroad Commission resulting in loss of income to the estate.

This action was originally filed on May 27, 1964, and has been pending for more than sixteen (16) years without resolution. The case was previously dismissed for want of prosecution on January 8, 1969, and subsequently reinstated on January 27, 1969.

Following remand by the supreme court in 1976, the regular district judge recused himself, another judge was excused, a third heard several matters but was subsequently excused, and lastly, Judge Claude Williams was appointed by the supreme court to try the case. On May 2, 1978, Judge Williams ordered the cause stayed until Johnny Mitchell was made a party to the suit. Upon appellants' (Bolton execu-

tors) failure to join Mitchell as a party and due to their failure to diligently prosecute the suit, the court on January 10, 1979, entered its order dismissing the suit for want of prosecution.

On January 17, 1979, the Bolton executors filed a Motion for Reinstatement of the case. Later, on February 7, 1979, they deposited cash in lieu of bond with the district court clerk pursuant to Rule 354,[1] perfecting their appeal from the dismissal order on January 10. The Bolton executors admit in their pleadings that their appeal is from this order. On the day following perfection of their appeal, February 8, 1979, Judge Williams overruled the executors' Motion for Reinstatement within the 30–day period allowed by Rule 165a. No appeal bond or substitute therefor was filed thereafter. There are no findings of fact or conclusions of law.

We affirm.

Appellees have filed a motion to dismiss this appeal for want of jurisdiction. The motion to dismiss was set for argument along with the merits of the appeal.

In their motion, appellees argue that the January 10 order of dismissal appealed from is neither a final judgment within the meaning of Article 2249,[2] nor is it an interlocutory order appealable within the meaning of Article 2250, nor is it otherwise appealable in accordance with any rule or statute of the State of Texas. We do not agree.

All parties to this suit as well as this court are in agreement that there can be only one final judgment in a cause from which an appeal will lie. *Northeast Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966); *Dickson & Associates v. Brady*, 530 S.W.2d 886 (Tex.Civ. App.–Houston [1st Dist.] 1975, no writ). The immediate question to be decided herein is whether the January 10 order dismissing the case for want of prosecution or the February 8 order denying reinstatement of the case is the final judgment. We hold

---

1. This and all other references to rules are to Texas Rules of Civil Procedure.

2. This and all other statutory references are to Vernon's Annotated Texas Civil Statutes.

that the dismissal order from which the Bolton Executors perfected their appeal is the final judgment in this case.

■ An order of dismissal for want of prosecution is a final judgment where no motion to reinstate is filed, tardily filed or no bill of review is filed assailing the order. *Texas State Board of Examiners in Optometry v. Lane,* 337 S.W.2d 801 (Tex.Civ.App.– Fort Worth 1960, writ ref'd); STATE BAR OF TEXAS PROFESSIONAL DEVELOPMENT PROGRAM, APPELLATE PROCEDURE IN TEXAS 102 (2d. ed. 1979). In *Atoka v. Thornton,* 566 S.W.2d 686 (Tex.Civ.App.–Eastland 1978, no writ) where no Motion for Reinstatement had been filed within six months of a dismissal for want of prosecution as provided by Rule 165a, the court held that the trial court was without jurisdiction to reinstate the case and thus the order of dismissal, having disposed of all parties and issues, was a final judgment for purposes of appeal. *See also, Green v. Green,* 288 S.W. 406 (Tex.Comm'n App. 1926, holding approved); *Hartman v. Byrd,* 47 S.W.2d 659 (Tex.Civ.App.–Texarkana 1932, no writ). A judgment of dismissal is considered a final judgment. *First National Bank of Houston v. Fox,* 121 Tex. 7, 39 S.W.2d 1085, 1086 (1931).

■ While no case has directly addressed the finality question where appeal is made from an order of dismissal for want of prosecution and a timely motion for reinstatement has been made and overruled and no appeal bond filed thereafter, by analogy to a motion for new trial, it is reasonable to hold that the earlier dismissal order is the final judgment. A judgment of dismissal is final for the purposes of an appeal and a motion to reinstate is ordinarily accorded the legal effect of a motion for new trial. *Hancock v. Gathright,* 451 S.W.2d 591 (Tex. Civ.App.–Waco 1970, no writ); *Chicago R.I. & P.R. Co. v. Southern Pacific Co.,* 458 S.W.2d 234 (Tex.Civ.App.–Houston [1st Dist.] 1970, writ ref'd n.r.e.); *Stuart v. City of Houston,* 419 S.W.2d 702 (Tex.Civ.App.– Houston [14th Dist.] 1967, writ ref'd n.r.e.); 4 R. McDONALD, TEXAS CIVIL PRACTICE § 17.19 (1971).

Regarding motions for new trial, the Texas Supreme Court in *Puckett v. Frizzell,* 402 S.W.2d 148 (Tex.1966) noted that the appeal is from the judgment, not from the order overruling the motion for new trial. In that case, decided under old Rule 353 which required the filing of a notice of appeal as well as an appeal bond, the appellant had given his notice of appeal embodied in the judgment. A motion for new trial was filed 7 days after the judgment and overruled within 30 days. No further notice of appeal was given. Within 30 days of the overruling of the motion for new trial (but not within 30 days of the original judgment) the appellant put up cash in lieu of an appeal bond. The court of civil appeals held that the appeal was not perfected since the appellant had failed to file a second notice of appeal after the overruling of the motion for new trial. The supreme court disagreed saying:

The appeal in such case is an appeal from the judgment. The appellants' purpose in so appealing is to avoid the effect of the judgment which has been rendered against him. The filing of the motion for new trial and the order overruling it are steps in the accomplishment of that purpose. The appeal is *after* but not *from* the order overruling the motion. *Id.,* at 151. (Emphasis theirs.)

The court went on to note that an appeal is perfected in cases such as this when there is a notice of appeal, motion for new trial which is duly filed and overruled, and when the appeal bond, or cash in lieu of bond, is filed. Rule 356 says an appeal bond or its equivalent shall be filed within 30 days of the judgment or order overruling a motion for new trial which was done in that case. The giving of notice of appeal was not premature under Rule 306c; that rule says that the notice or bond shall be deemed to have been given after the overruling of a motion for new trial. Thus, the appeal was held to have been duly perfected.

Since a motion to reinstate is closely allied to a motion for new trial, the *Puckett* case is guiding authority. Here, as there, the appeal is from the judgment which dis-

missed the case, not from the order overruling the motion to reinstate. The Bolton executors perfected their appeal by filing cash in lieu of bond, albeit before determination of the motion to reinstate; however, the finality of a judgment is not affected by the making and overruling of a motion to set a judgment aside or by the pendency or the making and overruling of a motion for new trial. 4 Tex.Jur.3d Appellate Review § 54 (1980). The argument proffered by appellees that the judgment pending resolution of the motion to reinstate is not final is therefore without merit. For purposes of appeal, the January 10 dismissal order was a final judgment. *Golden Rod Oil Co. v. Golden West Oil Co.*, 293 S.W. 167, 168 (Tex.Comm'n App. 1927, holding approved).

Additionally, it is substantially appellees' position that when a Motion for Reinstatement has been filed, the movant should wait until the trial court has completely finished before perfecting his appeal. Rule 306c answers this contention. That rule states: "No ... appeal bond ... shall be held ineffective because prematurely filed; but every such ... appeal bond ... shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from or from the date of the overruling of motion for new trial, if such a motion is filed." Since a motion for reinstatement is in legal effect the equivalent of a motion for new trial, under Rule 306c, an appeal bond or its equivalent is deemed to have been filed after overruling of the motion and is not to be considered premature. Thus, the Bolton executors' appeal was perfected at the time of the order overruling the motion for reinstatement. *City of Corpus Christi v. Gregg*, 155 Tex. 537, 289 S.W.2d 746, 749 (1956); *Chekanski v. Texas & New Orleans Railroad Co.*, 306 S.W.2d 935, 937 (Tex.Civ.App.–Houston 1957, writ ref'd n.r.e.); *Reintsma v. Greater Austin Apartment Maintenance*, 549 S.W.2d 434 (Tex.Civ.App.–Austin 1977, no writ). Considered as such, the filing of the certificate of cash deposit in lieu of appeal bond as well as the timely filing of the transcript and record in this court, have

vested this court with jurisdiction to consider the entire matter. *Fey v. Woods*, 226 S.W.2d 913, 921 (Tex.Civ.App.–Dallas 1950, writ ref'd n.r.e.).

Accordingly, we conclude that the Bolton executors are entitled to prosecute their appeal from the final judgment of dismissal entered January 10, 1979. Appellees' motion to dismiss the appeal is overruled.

The authorities cited by the appellees in their brief as warranting, or requiring, this court to dismiss the appeal have been carefully considered. The facts of those cases distinguish them from the instant one and render them inapplicable here.

The Bolton executors predicate their appeal upon 8 points of error asserting that the trial court erred in (1) dismissing the suit for failure to join Johnny Mitchell; (2) holding that Johnny Mitchell was an "indispensable party"; (3) ordering that the proceedings be stayed until Mitchell was made a party; (4, 5) failing to follow the provisions of Rule 165a both before dismissing the suit and with regard to Appellants' Motion for Reinstatement; (8) restricting Appellants' causes of action to three only; and finally, that the trial court (6, 7) abused its discretion in dismissing the suit for want of prosecution and in denying Appellants' Motion for Reinstatement.

We shall first address points of error 4 through 7 because we believe them to be dispositive of the case. First, the Bolton executors contend that the trial court abused its discretion in dismissing the suit for want of prosecution. (Point of error no. 6). We disagree. Had the January 10 dismissal order been grounded solely upon the executors' failure to join Mitchell as an indispensable party, we might be inclined to hold otherwise. *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974); Dorsaneo, *Compulsory Joinder in Texas*, 14 Hous.L.Rev. 345 (1977). However, the order of dismissal contains the following language:

This record reflects that Plaintiffs have been afforded over eight (8) months in which to comply with the Court's order of

May 2, 1978. Plaintiffs have failed to join Johnny Mitchell as a party. *In light of the fact that this cause has been pending for fourteen (14) years without resolution,* such delay in complying with the Court's order is inexcusable. *Plaintiffs have, therefore, failed to prosecute their claim with diligence,* and the Court, upon its own motion, orders that this action be, and it is hereby, dismissed, with unpaid costs taxed against Plaintiffs. (Emphasis supplied.)

■ It is well established that a court has the inherent power to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority. *Veterans' Land Board v. Williams,* 543 S.W.2d 89, 90 (Tex.1976); *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957); *Payne v. City of Tyler,* 379 S.W.2d 373 (Tex.Civ.App.–Tyler), *writ ref'd n.r.e. per curiam,* 383 S.W.2d 804 (Tex.1964); 20 Tex. Jur.2d *Dismissal* § 33 (1960). A dismissal for want of prosecution is a matter within the sound discretion of the trial court, subject to review only upon a clear showing of abuse. It is a question of law. *Veterans' Land Board, supra; Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d 930 (Tex.1975); *State v. Beever Farms,* 549 S.W.2d 223, 225 (Tex.Civ.App.–San Antonio 1977, writ ref'd n.r.e.).

In Justice Calvert's dissenting opinion in *Denton County v. Brammer,* 361 S.W.2d 198, 202 (Tex.1962), we find the following language:

One who files a judicial proceeding owes a duty to prosecute it with due diligence. When a motion to dismiss a proceeding on the ground of abandonment is filed, the trial court must first determine *whether the proceeding has been on file, without action, for an unreasonable length of time.* If it has not, the motion should be overruled summarily. If it has, a rebuttable presumption of abandonment arises, and an opportunity should be afforded the party who filed the proceeding to prove, if he can, that he had good reason for his delay in prosecuting the proceeding. If he fails or refuses to offer proof,

or *if the proof offered fails to show good reason for the delay, the presumption is not rebutted and becomes conclusive, and the motion to dismiss should be granted.* If proof is offered and does show good reason for the delay, the presumption is rebutted and the motion should be overruled. Whatever may be the action of the trial court, and at whatever stage it is taken, it is to be taken in the exercise of sound judicial discretion and is erroneous only if it is so arbitrary as to constitute an abuse of discretion. (Emphasis supplied.)

The law as hereinabove stated would probably draw the approval of the majority of the court. *See* 4 R. McDonald, Texas Civil Practice § 17.18 (rev. 1971). Yet, the Bolton executors aver that it was an abuse of discretion for the trial court to base its dismissal upon matters prior to remand, *i. e.,* it should have considered only matters involved after remand in making its decision. Only one case has been cited to us in support of this proposition, *Wm. T. Jarvis Co., Inc. v. Wes–Tex Grain Co.,* 548 S.W.2d 775 (Tex.Civ.App.–Waco 1977, writ ref'd n.r.e.). The *Jarvis* case does not stand for this proposition. Instead, all activity in the case both *prior to and after* its remand should be taken into account. *Denton County, supra* at 200–201; *Rorie v. Avenue Shipping Co.,* 414 S.W.2d 948, 952–953 (Tex. Civ.App.–Houston 1967, writ ref'd n.r.e.); *Petroleum Refining Co. v. McGlothlin,* 429 S.W.2d 676 (Tex.Civ.App.–Eastland 1968, writ ref'd n.r.e.), and the length of time the case has been pending is a valid consideration. This should be true especially in light of the supreme court's admonition in *Southern Pacific Transportation Co. v. Stoot, supra,* at 931:

Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire

process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination. If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right.

■ It is our opinion, from an examination of the entire record in this case, that there is no showing of a clear abuse of discretion in the trial court's action in dismissing the suit because of appellants' failure to prosecute it with diligence. In the more than 16 years that the suit has been pending, appellants have exhibited no real effort to bring the case to trial. It has languished in the lower court for an inordinate length of time without indication of any real effort having been made to resolve the case. Additionally, after being instructed to join Johnny Mitchell as an indispensable party, the Bolton executors failed to do so for eight months. Although we are not convinced that Mitchell was in fact such a party, it would have been a simple matter to have joined him. Such is further evidence of the executors' lack of diligence. Their arguments to the contrary are unconvincing.

■ Furthermore, we find no abuse of discretion in the trial court's dismissal of the case pursuant to Rule 165a. (Point of error No. 4) Although we are not persuaded that the rule is mandatory rather than merely directory in an instance such as this, in any event there was no error. The Bolton executors allege that the trial court's failure to give them notice 15 days prior to dismissal of the case is, under Rule 165a, reversible error. The singular case which they cite as supporting this proposition, *Rotello v. State*, 492 S.W.2d 347 (Tex. Civ.App.–Houston [1st Dist.]), *aff'd per curiam*, 497 S.W.2d 290 (Tex.1973), was not decided upon Rule 165a grounds and is factually distinguishable.

Rule 165a provides:

A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which he had notice, or on failure of such party or his attorney to request a hearing, or take some other action specified by the court, within fifteen days after the mailing of notices of the court's intention to dismiss the case for want of prosecution. The notices of intention to dismiss shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. Notice of the signing of the order of dismissal shall be given as provided in Rule 306d. *Failure to mail notices as required by this rule shall not affect the finality of any order of dismissal except as provided below.*

Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, *of either the court's intention to dismiss or the order of dismissal* prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal. (Emphasis supplied.)

Even though the rule provides for the giving of notice of intent to dismiss for want of prosecution 15 days prior to the actual dismissal, it also provides that failure to do so "... shall not affect the finality of any order of dismissal" except as to a

court's jurisdiction to reinstate the case following dismissal as provided in the second paragraph. That paragraph by its express terms recognizes the fact that the 15–day notice may not be given and in such instance provides for an extended period in which a motion for reinstatement may be filed. The inescapable conclusion is that the 15–day notice is not mandatory. The underlying purpose of the notice is to afford a party the opportunity to explain and/or contest dismissal of his case.

In this respect, *Harris County v. Miller*, 576 S.W.2d 808 (Tex.1979) is controlling. There, the appellant had been given notice prior to dismissal but not "notice of the signing of the order of dismissal." Our Supreme Court stated that "the notice that a party must receive before the expiration of this 20 day period may be either notice of the court's intention to dismiss *or* notice of the actual dismissal. That the rule renders either type of notice sufficient is made clear from the language of the rule itself." *Id.*, at 810. (Emphasis theirs.) The trial court's failure in *Miller* to notify the appellant of dismissal was not reversible error since appellant had notice of intent to dismiss "prior to the expiration of 20 days [after the dismissal]." We submit that there is a greater exposure to harm where a plaintiff is given only notice of *intent* to dismiss (as in the *Miller* case) rather than notice of actual dismissal as the Bolton executors here received. In the former instance, a plaintiff may effectively be deprived of the ability to press for reinstatement of his case under the holding in *Miller*. It is to be noted that the Bolton executors received actual notice of the dismissal in time to allow them their due process right to be heard on the dismissal issue. They filed their Motion for Reinstatement seven days following dismissal. Notice in this instance was adequate. *Laird v. Jobes*, 580 S.W.2d 413, 416 (Tex.Civ.App.–San Antonio 1979, no writ); Keith, *Texas Rules of Civil Procedure*, 36 Tex.B.J. 403 (1973).

■ The Bolton executors also allege that the trial court abused its discretion in denying their Motion for Reinstatement (point of error no. 7) and in failing to follow Rule 165a with regard to said motion (point of error no. 5). An application for reinstatement is addressed to the trial judge's discretion and his actions will not be disturbed in the absence of a showing of abuse. *Wm. T. Jarvis Co., Inc., supra* at 778; *Moss v. State*, 361 S.W.2d 408 (Tex. Civ.App.–Eastland 1962, no writ); *Linville v. Commercial Insurance Co.*, 462 S.W.2d 70 (Tex.Civ.App.–Houston [14th Dist.] 1970, no writ). We find no such abuse.

■ Although Rule 165a provides for a hearing upon the reinstatement matter when a timely motion has been filed, we find that the Bolton executors waived a hearing on the matter. In a letter to the trial judge accompanying his Motion for Reinstatement, counsel for the Bolton executors stated, "I sincerely hope that you are able *to* determine that failure *to* join Johnny Mitchell was not *intentional* or the result of *conscious indifference* without the necessity of a hearing; however, if a hearing is necessary, please let me know . . . ." (Emphasis in original.) The duty to procure a hearing on the motion devolved upon the executors, not upon the trial judge. The letter did not constitute a clear request for a hearing and the failure of the judge to hold a hearing on the matter did not, therefore, result in reversible error. *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex.Civ. App.–Houston [14th Dist.] 1975, no writ). In fact, the trial court in its Order overruling the Motion for Reinstatement expressly found that "[s]aid parties have agreed to submit the issue of reinstatement to the court without further hearing, and said parties have waived such hearing." Appellants' point of error no. 5 is accordingly overruled.

In view of our disposition of points nos. 4–7, we do not find it necessary to address appellants' other points of error.

The judgment of the trial court is affirmed.