Dismissed and Opinion filed February 20, 2003









Dismissed and Opinion filed February 20, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00062-CV

____________

 

WILLIAM
R. HOGE, JR., Appellant

 

V.

 

ANTHONY
P. GRIFFIN and ANTHONY P. GRIFFIN, P.C., Appellees

 



 

On
Appeal from the 56th District Court

Galveston
County, Texas

Trial
Court Cause No. 99CV0703

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order of dismissal,
signed October 24, 2000.  Appellant filed
an untimely motion to reinstate on June 14, 2002.  On January 25, 2003, the trial court denied
appellant=s motion to reinstate.  Appellant=s notice of restricted appeal was filed
on June 14, 2002.








The notice of restricted appeal must be filed within six
months after the judgment is signed.  See
Tex. R. App. P. 26.1(c).  Appellant=s notice of appeal was not filed
timely. A motion for extension of time is necessarily implied when an
appellant, acting in good faith, files a notice of appeal beyond the time
allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3
for filing a motion for extension of time. 
See Verburgt v. Dorner,
959 S.W.2d 615, 617-18 9 (1997) (construing the predecessor to Rule 26).  However, the appellant must offer a
reasonable explanation for failing to file the notice of appeal in a timely
manner.  See Tex. R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959
S.W.2d at 617-18.  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3

On January 29, 2003, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Appellant=s response fails to demonstrate that
this Court has jurisdiction to entertain the appeal.  Appellant argues that this court has
jurisdiction to hear the appeal on the denial of the motion to reinstate.  The appeal from a dismissal for want of
prosecution is taken from the order of dismissal, not from the court's ruling
on the motion to reinstate.  Hosey v. County of Victoria, 832 S.W.2d 701,
703 (Tex. App.BCorpus Christi 1992, no writ); Estate
of Bolton v. Coats, 608 S.W.2d 722, 725 (Tex.Civ.App.‑‑Tyler
1980, writ ref'd n.r.e.).  Because the notice of appeal was not filed
within six months of the October 24, 2000, order of dismissal, the notice of
appeal was not timely filed. 

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed February 20, 2003.

Panel consists of Justices
Anderson, Seymore, and Guzman.