NUMBER 13-05-468-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DEAN'S CAMPIN' CO., Appellant,


v.



PETER HARDSTEEN, ET AL., Appellees.

 


On appeal from the 278th District Court of Grimes County, Texas.


 


MEMORANDUM OPINION



Before Justice Benavides, Vela, and Wittig (1)


Memorandum Opinion by Justice Wittig



 Based upon a party's motion, the trial court dismissed this cause for want of
prosecution after remand. This is the second appeal of this case. In the first appeal,
appellant, Dean's Campin' Co., successfully argued to the Houston Court of Appeals that
it should be entitled to statutory retailer indemnity against appellee Rexhall Industries. See
Dean's Campin' Co. v. Hardsteen, No. 01-00-01190-CV, 2002 WL 1980840, *1 (Tex.
App.-Houston [1st Dist.] Aug. 29, 2002, pet. denied) (not designated for publication). It
also successfully argued that its cross claims against appellees, Peter Hardsteen and
Texas Farm Bureau, were improperly dismissed. Id. The Houston court ruled that
appellant was entitled to indemnity against Rexhall and remanded for determination of the
amount of appellant's attorney's fees and costs, which were improperly denied by the trial
court. Id. The court also reversed and remanded the trial court's dismissal of the cross
claims of Hardsteen and Texas Farm Bureau. (2) To date, the trial court has not complied
with the original mandate of the court of appeals to award costs wrongfully denied to
appellant in the original judgment and to determine the amount of attorney's fees under
section 82.002(a) of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code
Ann. § 82.002(a) (Vernon 1997).

 In a single issue, appellant asserts that the trial court abused its discretion by
dismissing appellant's claims against appellees for want of prosecution after the claims
were remanded. We agree and reverse and remand.

I. Jurisdiction


 Appellees claim that this Court lacks jurisdiction to hear this appeal. The Houston
Court of Appeals issued its mandate on September 29, 2003. When appellant requested
mediation or a trial setting in June, 2004, appellees immediately filed a motion to dismiss
for want of prosecution. A hearing was held August 13, 2004, some ten months after the
appellate court mandate was filed with the trial court. The first order of dismissal was then
signed the same day. Appellant's motion for rehearing was granted, and the case was
reinstated and ordered to mediation on October 8, 2004. 

 On October 12, 2004 appellees filed a motion to vacate the order of reinstatement. 
Appellees gave notice of oral hearing on their Joint Motion to Vacate the Court's Order of
Reinstatement and Order for Mediation for November 12, 2004. Yet on November 4, 2004,
the trial judge signed two conflicting orders, one of which appellees admit is interlocutory. (3) 
The record reflects no notice of hearing either on November 4, 2004, when the court
signed the conflicting orders, or on November 12, 2004, the date appellees initially notified
the parties that a hearing would be held. According to appellant, the hearing was re-noticed to be heard on December 16, 2004, and, again, the matter was requested to be
moved to January 14, 2005. In any event, the trial court signed the conflicting orders on
November 4, 2004, without a hearing or notice to the parties, and apparently did not grant
a hearing on any of the requested dates. The court made no docket entry regarding its
conflicting rulings on November 4, 2004. 

 One of the November orders denied appellees' motion to vacate the order
reinstating the case and ordering mediation while the other order granted the same motion,
reinstating the prior order of dismissal. Appellees argue that the order reinstating the prior
dismissal was a final judgment and began appellant's timetable for appeal. We disagree.

 Between the time of the conflicting November 4, 2004 orders and the final order of
dismissal, dated March 11, 2005, the parties continued to serve discovery and file
objections to discovery. During that same period of time, the trial court issued a
memorandum to the parties directing them to determine the status of the case. 

 First, we must determine whether the trial court's dismissal order(s), which were
outside of the scope of the appellate mandate in this case, are void or merely voidable.
See In re State, 159 S.W.3d 203, 206 (Tex. App.- Austin 2005, orig. proceeding). In
Madeksho v. Abraham, Watkins, Nichols, & Friend, 112 S.W.3d 679, 685 (Tex.
App.-Houston [14th Dist.] 2003, pet. denied) (en banc), the Houston Court of Appeals
thoroughly discussed this issue and concluded that a trial court may abuse its discretion
by issuing an order beyond the scope of an appellate mandate, but that the issue of
subject-matter jurisdiction is not raised. See id. The Dallas Court of Appeals had
previously expressed the opposite position. See Dallas County v. Sweitzer, 971 S.W.2d
629, 630 (Tex. App.-Dallas 1998, no pet.); cf. Kenseth v. Dallas County, 126 S.W.3d 584,
599 (Tex. App.-Dallas 2004, pet. denied) (holding an order was not void where trial court
misinterpreted mandate).

 In the past, a number of courts have held that in cases involving remand with
specific instructions, the district court is limited to complying with the instructions and
cannot relitigate issues controverted at the former trial. Seydler v. Keuper, 133 S.W.2d
189, 190 (Tex. Civ. App.-Austin 1939, writ ref'd). The district court's authority is limited to
trying only those issues specified in the mandate. V-F Petroleum v. A.K. Guthrie Op. Co.,
792 S.W.2d 508, 510 (Tex. App.-Austin 1990, no writ); Texacally Joint Venture v. King,
719 S.W.2d 652, 653 (Tex. App.-Austin 1986, writ ref'd n.r.e.). Where an appellate court
reversed and remanded a case for entry of a judgment nunc pro tunc, and a party then
filed a motion for remittitur with the trial court, the trial court correctly denied the motion;
the trial court had jurisdiction only to enter the nunc pro tunc judgment. Seydler, 133
S.W.2d at 190 (citing Wingfield v. Bryant, 614 S.W.2d 643, 645 (Tex. Civ. App.-Austin
1981, writ ref'd n.r.e.) ("It did not have the jurisdiction to change the judgment in any other
manner."); see Los Campeones, Inc. v. Valley Int'l, 591 S.W.2d 312, 313-14 (Tex. Civ.
App.-Corpus Christi 1979, no writ) (a trial court's hearing and order after issuance of an
appellate court's mandate exceeded the mandate's scope and involved more than
ministerial duty of enforcing the judgment); Brock v. Briggs, 223 S.W.2d 645, 647 (Tex.
Civ. App.-San Antonio 1949, no writ) (where an appellate court reversed and remanded
with instructions for rendition of judgment, and motions were filed to set aside the
judgment, the trial court was required to carry out the appellate court's direction); see also
Martin v. Credit Protection Ass'n, 824 S.W.2d 254, 256 (Tex. App.- Dallas 1992, writ dis'm,
w.o.j.). 

 Prior to the Texas Supreme Court's decision in Dubai, many jurisdictions held that
when an appellate court renders a judgment, the district court has no jurisdiction to review
or to interpret it. See Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000) (all
claims are presumed to fall within the jurisdiction of the district court unless the Legislature
or Congress has provided that they must be heard elsewhere); see, e.g., Myers v. Myers,
515 S.W.2d 334, 335 (Tex. Civ. App.-Houston [1st Dist.] 1974, writ dism'd w.o.j.) ("It must
observe and carry out the mandate of the appellate court. Its orders carrying out the
mandate are ministerial.") (citing Conley v. Anderson, 164 S.W. 985 (Tex. 1913)); see also
Schliemann v. Garcia, 685 S.W.2d 690, 692 (Tex. App.-San Antonio 1984, no writ). In
Dubai, the court observed that "the modern direction of policy is to reduce the vulnerability
of final judgments to attack on the ground that the tribunal lacked subject matter
jurisdiction." Dubai, 12 S.W.3d 76 (citing Restatement (Second) of Judgments § 11 cmt.
e, at 113 (1982)). "Jurisdiction refers to a court's authority to adjudicate a case." Reiss v.
Reiss, 118 S.W.3d 439, 443 (Tex. 2003). So long as the court entering a judgment has
jurisdiction of the parties and the subject matter and does not act outside its capacity as
a court, the judgment is not void. Id.; Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.
1990). "A court's action contrary to a statute or statutory equivalent" that does not involve
jurisdiction merely renders the judgment voidable so that it may be "corrected through the
ordinary appellate process or other proper proceedings." Reiss, 118 S.W.3d at 443. 

 We therefore conclude that the trial court had subject matter jurisdiction even if it
erroneously ignored the mandate of the Houston court of appeals. Madeksho 112 S.W.3d
at 685; In re State, 159 S.W.3d at 205; see also Dubai, 12 S.W.3d at 76.

II. Final Judgment


 Appellees contend that one of the conflicting orders of November 4, 2004 disposes
of all claims and states with "unmistakable clarity" that it is a final judgment. See Guajardo
v. Conwell, 46 S.W.3d 862, 863-64 (Tex. 2001) (holding that a judgment is final for
purposes of appeal "if and only if either it actually disposes of all claims and parties then
before the court, or it states with unmistakable clarity that it is a final judgment."). First, we
note the order does not state with unmistakable clarity it is a final judgment. Rather, it
provides in part "the Court's order of Reinstatement and Order for Mediation of October 8,
2004 is vacated" and "the Court's order of dismissal dated August 13, 2004, is reinstated
and this case is dismissed for want of prosecution as to all claims asserted in the cause
by Dean's Campin' Co. against Texas Farm Bureaus (sic) Insurance Companies, Peter
Hardsteen, Pauline Hardsteen, and Rexhall Industries, Inc." Contemporaneously, the
same trial judge, on the same day, and at the same time, signed a conflicting order denying
the same motion to reinstate the dismissal order. (4) Thus, one order sought to dispose of
all claims and the other order continued all claims by Dean's Campin' and seemingly
ordered mediation and a trial setting. What is unmistakable is the total absence of clarity.

 Appellees also argue that the apparently conflicting order purporting to deny the
motion to vacate the earlier reinstatement "has no effect on the finality of the November
4, 2004 order dismissing Dean's claims for want of prosecution." Appellees cite no
material authority for this argument, other than the maxim that there can be only one final
judgment. See Dickerson v. Mack Fin. Corp., 452 S.W.2d 552, 555 (Tex. Civ. App.-
Houston [1st Dist.] 1969, writ ref'd n.r.e.) (citing Mullins v. Thomas, 136 Tex. 215, 150
S.W. 2d 83 (1941) (rule of procedure 301, provides that only one final judgment can be
entered in a suit; after a judgment meeting the test of a final judgment has been entered
in a cause, the entry of a second final judgment in the same case is not a vacation of the
first, and if there is nothing to show that the first is vacated, the second is a nullity). 
Appellees also cite Gholson v. Thorn, 597 S.W.2d 568, 569 (Tex. Civ. App.-Dallas 1980,
no writ), holding that when two judgments appear in the record and the second does not
purport to vacate the first, the first judgment is effective to start the time for appeal, and the
second is void. 

 Appellees further cite Naaman v. Grider, 126 S.W.3d 73, 74 (Tex. 2003) (an order
that merely grants a motion for judgment is in no sense a judgment itself), and S. Tex.
GMAC Real Estate v. Cohyco, Inc., 124 S.W.3d 321, 325 (Tex. App.-Corpus Christi 2003,
no pet.) (notice of appeal, filed seventy-six days after the trial court signed the final
judgment, was untimely). Both cases are inapplicable because in neither case did the trial
court grant and deny the same relief on the same day with incompatible orders. 

 Appellees' argument rests upon a faulty premise that there was, in fact, an earlier
final judgment dated November 4, 2004. They fail to address the fact that the conflicting
orders obviate one another because a trial judge cannot grant and deny mutually exclusive
remedies at the same time. See, e.g. Houston v. Adams, 269 S.W.2d 572, 577 (Tex. Civ.
App.-Galveston, 1954, no writ) (party cannot obtain an advantage available to it only under
one asserted remedy without thereby irrevocably electing to pursue that remedy to the
exclusion of all remedies inconsistent therewith). In discussing an analogous situation
involving inconsistent remedies, the Supreme Court held that an inconsistency will bar an
action in instances of manifest injustice. Bocanegra v. Aetna Life Ins. Co., 605 S.W.2d
848, 851 (Tex. 1980). "Even though the inconsistent position may not fit the mold of a
better defined principle, an election will bar recovery when the inconsistency in the
assertion of a remedy, right, or state of facts is so unconscionable, dishonest, contrary to
fair dealing, or so stultifies the legal process or trifles with justice or the courts as to be
manifestly unjust." Id. 

 The trial court conducted a further hearing March 11, 2005, at the behest of
appellees. At that time the court signed a final order indicating "the Court's order of
dismissal dated August 13, 2004 was reinstated as of November 4, 2004, and this case
was dismissed for want of prosecution as to all claims. . . ." Appellees again argue that the
signing of a second judgment, reaffirming an earlier judgment, cannot extend appellant's
time table, citing Stephens v. Henry S. Miller Co., 667 S.W.2d 250, 252 (Tex. App.- Dallas
1984, writ dism'd by agr.) (trial court may not enlarge the time for perfecting an appeal by
making an order that simply affirms a former order) (citing Anderson v. Casebolt, 493
S.W.2d 509, 510 (Tex. 1973)). Stephens also notes that rule 306a provides that the date
a judgment is signed as shown of record determines the beginning of the periods
prescribed by the rules for filing various documents in connection with an appeal, but does
not determine what constitutes rendition of a judgment or order for any other purpose. Id. 

 Appellees conclude that the third dismissal/clarification order signed March 11, 2005
was void because the second dismissal order of November 4, 2004 was a final judgment. 
However, in its March 11, 2005 order, the trial court acknowledged that it "considered the
conflicting Orders of this Court signed November 4, 2004." It then concluded that the order
granting the Joint Motion to Vacate the Court's Order of Reinstatement and Order for
Mediation "is the binding Order." It stated that the first order of dismissal of August 13,
2004 was reinstated as of November 4, 2004, i.e., according to its order of March 11, 2005.

 Appellant contends, and we agree, that for a judgment to be final, no further action
by the trial court should be necessary to settle and determine the entire controversy. 
Normand v. Fox, 940 S.W.2d 401, 403 (Tex. App.-Waco 1997, no writ) (citing Retana v.
Tanner, 869 S.W.2d 669, 670 (Tex. App.-San Antonio 1994, no writ); see also Wagner v.
Warnasch, 295 S.W.2d 890, 892 (Tex. 1956). The Wagner court held: "To be final a
judgment must determine the rights of the parties and dispose of all the issues involved so
that no future action by the court will be necessary in order to settle and determine the
entire controversy." Id. On a single day, the trial court signed conflicting orders which both
denied and granted appellees' motion to "reinstate" the first order of dismissal dated
August 13, 2004. Under appellees' theory, appellate courts would have jurisdiction to
review a permanent injunction that was granted and denied or a final judgment that was
granted in one order and a new trial granted in another.

 In this case, the trial court both granted and denied motions totally inconsistent and
incompatible with a final judgment. It denied the only pending motion that was, or could
have been, the basis of the November dismissal order. "Where it has so spoken only a
clear and unequivocal written order or expression by that court will vacate, set aside,
modify or amend its first order. Any other rule would be the parent of uncertainty for the
orders of any court." See Poston Feed Mill Co. v. Leyva, 438 S.W.2d 366, 369 (Tex. Civ.
App.-Houston [14th Dist] 1969, writ dis'm, w.o.j.). There exists no clear and unequivocal
order here. We agree there can only be one final judgment. Tex. R. Civ. P. 301; North
East Independent School Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Here, there
was no judgment as of November 4, 2004, which settled all the legal issues and rights
between the parties that is final and appealable. See Tex. Prop. & Cas. Ins. Guar. Ass'n
v. De Los Santos, 47 S.W.3d 584, 587 (Tex. App.-Corpus Christi 2001, no pet.) (citing
Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985)).

 A somewhat analogous situation was presented in LaPointe. See LaPointe v. State,
166 S.W.3d 287, 300 (Tex. App.-Austin 2005), affirmed, 225 S.W.3d 513, 521 (Tex. Crim.
App. 2007)) (if a trial court's error prevents the proper presentation of the case to the
appellate court and that error can be remedied, then the appellate court must direct the trial
court to remedy the error so that the appellate court will be in a position to evaluate the
appeal properly). Like the genesis of the trial court's conflicting orders of November 4,
2004, the LaPointe district court erred by failing to allow the parties to be present and
examine witnesses at a hearing as required by the rules of evidence. Id. Thus, the
appellate court was prevented from determining whether the error was harmless. Id. 
(citing Tex. R. App. P. 44.4(a)(1) which prohibits the court of appeals from affirming or
reversing a judgment if a trial court's erroneous action or inaction prevents a proper
presentation of a case to the court of appeals and the trial court can correct its action or
failure to act). Similarly, had appellant sought to appeal and invoke our jurisdiction based
on the conflicted orders of November 4, 2004, we in turn would have had to direct the trial
court to correct its erroneous entry of conflicting orders. Tex. R. App. P. 44.4 (b); see also
Am. Home Prods. Corp. v. Clark, 38 S.W.3d 92, 97 (Tex. 2000) (holding that the court of
appeals complied with Rule 44.4 by requiring the trial court to enter a clarifying order to
allow a proper presentation of the appeal).

 When there has not been a conventional trial on the merits, "an order or judgment
is not final for purposes of appeal unless it actually disposes of every pending claim and
party or unless it clearly and unequivocally states that it finally disposes of all claims and
all parties." See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 203-05 (Tex. 2001). If only
a plaintiff's claim against a defendant is adjudicated, other counterclaims, cross-claims or
third party claims are not adjudicated. Id. The law does not require that a final judgment
be in any particular form. Lehmann, 39 S.W.3d at 195. Therefore, whether a decree is a
final judgment must be determined from its language and the record in the case. Id. 

 Because the November order did not unequivocally dispose of all pending claims
and parties in the record, it is not final and not appealable. Garcia v. Comm'rs Court of
Cameron County, 101 S.W.3d 778, 784 (Tex. App.-Corpus Christi 2003, no pet); see
Lehmann, 39 S.W.3d 201. Appellant timely filed its notice of appeal after the trial court's
clarification order of dismissal dated March 11, 2005.

III. Dismissal for Want of Prosecution


 The Houston Court of Appeals issued its mandate remanding the case on
September 29, 2003. The trial court initially dismissed appellee's remanded claims based
upon appellees' joint motion to dismiss filed July 1, 2004, less than ten months after
remand. Appellees' motion was an apparent response to appellant's letter dated June 24,
2004. In this letter, counsel for appellant wrote: "Please advise if you are interested in
mediation before I set this matter for Trial. If I do not hear from anyone within the next five
(5) business days, I will set this matter for Trial." 

 One of appellees' trial counsel acknowledged receipt of the letter the next day on
June 25, 2004, and requested a delay in setting the case for trial in order to coordinate a
mutually convenient trial setting. "I would appreciate your not unilaterally setting a trial
date." Less than one week later, all three appellees filed a joint motion to dismiss. They
asserted that the Texas Supreme Court returned the petition for review on June 12, 2003
and that "Since that date, Dean's Campin' Co. has taken no action in this court." (5) 
Apparently appellees' trial counsel somehow thought, "to the signatory's best knowledge,
information, and belief, formed after reasonable inquiry," that requesting mediation or a trial
setting was "no action." See Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (Vernon 2002). 
Also, appellees seem to overlook that the mandate from the court of appeals was not filed
until October 10, 2003.

 On August 9, 2004, appellant supplemented its prior discovery with an update on
attorney's fees. This was the fifth supplementation. The record indicated that the trial
court in question is a circuit court, and that the only time the matter could have been set
for trial before August, 2004, was in April, 2004. (6) 

 Following the trial court's initial dismissal for want of prosecution on remand, the
case was reinstated and the October 8, 2004 order required the mediation of the case. 
Appellees resisted mediation. Appellant attempted to mediate the case both by its letter
of June 24, 2004, and after the court order of mediation on October 8, 2004. Appellant
also formally requested a trial setting, and the case was set for trial April 4, 2005. The trial
court entered the "reinstatement" of the original dismissal order on March 11, 2005, some
three weeks before the trial setting. Appellant contends that the senior district judge who
had tried the original action and reinstated the case, offered to try the case. Appellant
propounded a deposition upon written questions and appellees filed objections and a
motion to quash in March, 2005.

IV. Standard of Review
 

 A court has the inherent power to dismiss a suit for failure to prosecute it with due
diligence even without statutory or rule authority, subject to review for abuse of discretion.
Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976). (7) The decision to dismiss
a case for want of prosecution rests within the sound discretion of the trial court and can
be disturbed on appeal only if it amounted to a clear abuse of discretion. See State v.
Rotello, 671 S.W.2d 507, 509 (Tex. 1984); Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d
85, 87 (Tex. 1957). Furthermore, as appellees correctly argue, not only does a trial court
have inherent power to dismiss a case, rule 165(a)4 expressly acknowledges the trial
court's inherent power to dismiss for want of prosecution. Tex. R. Civ. P. 165(a)(4). The
same standard of review is applied in reviewing a denial of a motion to reinstate. Franklin
v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 401 (Tex. App.-Dallas 2001, pet. denied).
The test for abuse of discretion is whether the trial court acted without reference to any
guiding rules and principles, or equivalently, whether under all the circumstances of the
particular case, the trial court's action was arbitrary or unreasonable. Downer v.
Aquamarine Ops., Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 

 This case must have been dismissed under the court's inherent power because it
does not fit the profile of either subdivision of the procedural rules. (8) See King v. Holland,
884 S.W.2d 231, 237 (Tex. App.-Corpus Christi 1994, writ denied). We therefore consider
the length of time the case was on file, the extent of activity in the case, whether a trial
setting was requested, and the existence of reasonable excuses for the delay. Id. (citing
State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984) (proceeding has been plagued by delay
and inactivity from the outset and had been pending for fifteen years, had been in four
appellate courts, and still was not ready for trial)).

V. Discussion


 Appellees seek to argue that the relevant time period concerning the length of
pendency of the claim dates back to the original filing in 1998. Of course appellant was
initially a defendant only and did not bring the original lawsuit. After being made a party,
it initially sought only indemnity as an innocent retailer. Therefore, it is incorrect to charge
appellant with the entire pendency of the lawsuit for several reasons. Appellant won its trial
to the jury. The trial court's erroneous ruling granting appellees a summary judgment was
successfully appealed by appellant and reversed by the Houston Court of Appeals. As the
Houston court noted in its opinion, appellant's claims based upon its status as an innocent
retailer were not established until the jury verdict exonerating appellant. See Dean's
Campin' Co., 2002 WL 1980840, at *1. This did not occur until late 2000, and in the
meantime, the trial court had erroneously granted a summary judgment against appellant. 
Further, the trial court lost jurisdiction of the matter for several years, pending the final
mandate of the court of appeals in September 29, 2003. The mandate was not filed with
the trial court until October 10, 2003. Thus, it would appear that the relevant "length of
time" on the indemnity claim did not be begin until the trial court regained jurisdiction in the
Fall of 2003.

 Appellees base their argument in part on Coats. See Estate of Bolton v. Coats, 608
S.W.2d 722, 726-27 (Tex. Civ. App.-Tyler 1980, writ ref'd n.r.e.). The court quoted the trial
court's own order of dismissal:

 This record reflects that Plaintiffs have been afforded over eight (8)
months in which to comply with the Court's order of May 2, 1978. Plaintiffs
have failed to join Johnny Mitchell as a party. In light of the fact that this
cause has been pending for fourteen (14) years without resolution, such
delay in complying with the Court's order is inexcusable. Plaintiffs have,
therefore, failed to prosecute their claim with diligence, and the Court, upon
its own motion, orders that this action be, and it is hereby, dismissed, with
unpaid costs taxed against Plaintiffs.


Id. Our situation is inapposite: (1) the trial court here had not ordered appellant to do
anything, nor did the court set the case for trial; (2) appellant's indemnity did not ripen and
its claim could not have been pursued until October 2003 as discussed above; and (3)
Coats noted "In the more than 16 years that the suit has been pending, appellants have
exhibited no real effort to bring the case to trial." Id. The Coats scenario of multi-year
inactivity is simply not present here. Nor did the trial court here carry out the mandate of
the court of appeals.

 Even if we consider the entire time appellant's claim was pending, dating back to
1998, the record indicates appellant's active prosecution of the case. Appellant was
initially sued as a defendant June 12, 1996. It requested indemnity the next month and
filed a cross-claim on July 17, 1998. Appellant supplemented its discovery multiple times
in 2000. Appellant filed cross-claims and amended its indemnity claims in 2000. The trial
court erroneously granted appellees' summary judgment and dismissed appellant's
supplemental cross-claims in 2000. A seven-day jury trial was conducted resulting in a
favorable verdict and judgment for appellant on December 19, 2000. The gravamen of the
case at that point effectively placed appellant only as a defendant, not a plaintiff, because
the trial court had stripped appellant of all its affirmative claims. Thereafter, the appellate
process began, including a petition for error to the supreme court, which was denied. 
Finally, the Houston appellate court's mandate was filed with the trial court on October 10,
2003. The trial court then dismissed the remanded claims on August 13, 2004, a few
weeks after appellant demanded mediation or a trial setting, and after appellant had again
supplemented its discovery for the fifth time. The record of the case simply does not
suggest the lack of prosecution or diligence that is reflected in appellee's cited authorities.

 Appellees also cite Brim Laundry Mach. Co. v. Washex Mach. Corp., 854 S.W.2d
297, 302 (Tex. App.-Fort Worth 1993, writ denied). While pending for four years from
1988, the case was listed on the court's yearly dismissal docket. Id. In 1988, 1989, and
1990, motions to retain were filed and the case was taken off the dismissal docket. Id.
There was no discovery activity from May of 1991 until the case was dismissed, six months
later. Id. Brim Laundry is not on point because appellant here did supplement its
discovery and filed additional discovery-objected to by appellees. It both requested an
earlier trial setting and actually had obtained a trial setting just weeks before the court's
final dismissal of the case.

 Appellees' reliance on Bard v. Frank B. Hall & Co., 767 S.W.2d 839, 843 (Tex.
App.-San Antonio 1989, writ denied) is also misplaced. There, the record consisted of a
transcript only; there were no findings of fact or statement of facts. Id. The plaintiff made
no effort to get the case set for trial prior to the dismissal docket call, even though the case
had been on file for approximately thirty months prior to dismissal. Id. Here, appellant
supplemented its discovery and sought a trial setting within nine months after remand.

 Appellees cite Bevil v. Johnson, 307 S.W.2d 85, 88 (Tex. 1957). "The fact that
respondents had no intention to abandon it, or that their attorney had hopes of settling the
case, cannot be made a ground for charging an abuse of discretion by the trial court." Id.
However, in Bevil, the court decries, "a delay of an unreasonable duration occurs, such
delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of
the plaintiff's suit, and a discontinuance results." Id. 87-88. There, the unreasonable
duration showed that a motion had remained on the docket for more than eight years and
for more than three years after the death of the plaintiff, John R. Bevil. Id. at 88. The
plaintiff never set the motion. Appellant's case here does not suffer any of the neglect
reflected in Bevil.

 Appellees next argue Moore v. Armour & Co., 748 S.W.2d 327, 329 (Tex.
App.-Amarillo 1988, no writ). In Moore, the case was pending for 18 years. Id. at 328. 
It was first dismissed for want of prosecution in 1976, reinstated and dismissed again in
1979. Id. at 329. On appeal, the dismissal was reversed. Id. The court's mandate issued
on December 5, 1983. Id. Thereafter, no activity was evinced until November 20, 1986,
when the attorneys for defendants moved for a dismissal of the cause for want of
prosecution. Id. Moore states that the trial court had no affirmative duty to then set the
cause for trial, albeit the court could have done so. (9) Id. at 330. As indicated by appellees,
the court held it was the plaintiff's duty, once Armour and Browning had answered, to
proceed with reasonable diligence to prosecute his cause to a conclusion. Id. However,
Moore remarkably argued that dismissal was precluded by his announcement of ready in
1980--at the time of the last dismissal. He proposed that when his cause was reinstated
upon remand, his 1980 announcement of ready and request for a trial setting remained
viable, which imposed on the trial court the affirmative duty to set the cause for trial after
remand in 1983. Id. Appellees' reliance on Moore is unpersuasive.

 Finally, appellees cite FDIC v. Kendrick, 897 S.W.2d 476, 481 (Tex. App.-Amarillo
1995, no writ). "It is well established that neither settlement activity nor the passive attitude
of opposing parties excuses a want of diligent prosecution." Id. After several trial settings
and considerable discovery proceedings, in July 1993, FDIC's counsel announced to the
trial court that a tentative settlement agreement had been reached, subject to final approval
by the various committees of the FDIC. Id. On August 4, 1993, the trial court notified the
parties that it expected the agreement to be consummated not later than October 8, 1993. 
Id. The FDIC failed to comply with the court's explicit order even in view of the trial court's
express threat to dismiss the case for non-compliance. Id. Once again, like our discussion
of Coats above, the trial court here had not ordered appellant to do anything. Nor had
numerous trial settings been passed by appellant. To the contrary, appellant prevailed in
the first trial, effectively regained its right to indemnity on appeal, and then actively sought
a trial; it was appellees who resisted trial of the case, mediation and discovery.

 Under the facts presented here, we find that the trial court abused its discretion by
dismissing appellant's actively pursued indemnity claims, including one claim the Houston
court of appeals had already found to be due and owing. See Downer 701 S.W.2d at
241-42; Brown v. Prairie View A & M Univ., 630 S.W.2d 405, 413 (Tex. App.-Houston
[14th Dist.] 1982, writ ref'd n.r.e.); William T. Jarvis Co. v. Wes-Tex Grain Co., 548 S.W.2d
775, 778 (Tex. Civ. App. -Waco 1977, writ ref'd n.r.e.); Rorie v. Avenue Shipping Co., 414
S.W.2d 948, 954-55 (Tex. Civ. App.-Houston 1967, writ ref'd n.r.e.); see also Collier Man.
& Supp., Inc. v. InterFirst Bank Austin, N.A., 749 S.W.2d 560, 563-65 (Tex. App. - Austin
1988, no writ).

VI. Mandate of the Appellate Court


 When an appellate court remands a case with specific instructions, the trial court
is limited to complying with the instructions and cannot relitigate issues controverted at the
former trial. Denton County v. Tarrant County, 139 S.W.3d 22, 23 (Tex. App.-Fort Worth
2004, pet denied) (citing Kahn v. Seely, 37 S.W.3d 86, 88 (Tex. App.-San Antonio 2000,
no pet.); Ballard v. Cantrell, 597 S.W.2d 41, 42 (Tex. Civ. App.-Fort Worth 1980, writ ref'd
n.r.e.)). The trial court's authority is limited to only those issues specified in the mandate. 
Id. (citing Martin v. Credit Prot. Ass'n, Inc., 824 S.W.2d 254, 256 (Tex. App.-Dallas 1992,
no writ). In interpreting the mandate of an appellate court, the trial court looks not only to
the mandate itself but also to the appellate court's opinion. Id. The trial court is given a
reasonable amount of discretion in complying with the mandate. Id. (citing Austin Transp.
Study Policy Advisory Comm. v. Sierra Club, 843 S.W.2d 683, 690 (Tex. App.-Austin
1992, writ denied). The trial court has no alternative but to follow the appellate court's
mandate, and its orders in compliance with the mandate are not reviewable. Id. 

 When the trial court clerk receives the mandate, the appellate court's mandate must
be enforced. Tex. R. App. P. 51.1(b). Likewise, a trial court must observe and carry out an
appellate court's mandate. Schliemann v. Garcia, 685 S.W.2d 690, 692 (Tex. App. -San
Antonio 1984, orig. proceeding). "It must observe and carry out the mandate of the
appellate court. Its orders carrying out the mandate are ministerial." Myers v. Myers, 515
S.W.2d 334, 335 (Tex. Civ. App.-Houston [1st Dist.] 1974, writ dism'd w.o.j.). A trial court's
failure or refusal to comply with a court of appeals mandate is an abuse of discretion. Lee
v. Downey, 842 S.W.2d 646, 648, (Tex. 1992) (orig. proceeding). 

 Here, the mandate of the Houston court provided that the supplemental cross-claims should be determined and that the attorney's fees and costs under section
82.002(a) of the civil practice and remedies should be determined. Just as the trial court
erred by not awarding appellant its costs in the original action reversed by the Houston
court, it repeated the same error when it dismissed appellant's case once again without
awarding costs both of the appeal and of the original action to appellant.

VII. Conclusion


 The trial court abused its discretion by dismissing appellant's case for want of
prosecution. See Lee, 842 S.W.2d at 648. The trial court abused its discretion by not
following the mandate of the Houston court of appeals. See id. We accordingly reverse
and remand with instructions that the trial court carry out both mandates in this case.

 

 



 DON WITTIG,

 Justice




Memorandum Opinion delivered and filed 

this the 29th day of August, 2008.
1. Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice
of the Supreme Court of Texas pursuant to the government code. Tex. Gov't code ann. § 74.003 (Vernon
2005).
2. We note the appellate court's finding that the trial court "heard only minimal argument" on the
motions to dismiss based upon surprise, and that appellees offered no evidence to support their claim of
surprise. Id. 
3. Appellees argue that one of the orders signed that day was interlocutory while the other order was
somehow a final appealable judgment. As discussed herein, we conclude that both orders are interlocutory.
4. As noted, the two conflicting orders were signed without a hearing. No docket entry was made. 
The clerk's file stamp is dated November 10, 2004, and time marked 3:33 PM on both orders. According to
appellant's brief, the trial court was quoted in a memo as saying "this is the most mixed up mess. . . ."
5. Appellees' trial counsel also represented to the trial court at the initial dismissal hearing that the
case was remanded the year before i.e. August, 2003. In fact, the mandate from the court of appeals was
not issued until September 29, 2003.
6. Appellees complain that appellant "manufactured" this evidence which was not presented at the
initial hearing. We trust that the trial judge himself surely was not unaware of the limited time he spent in
Grimes County.
7. In Williams, there had been a seven and one-half year delay with no explanation. Id. 
8. Appellant also argues and states as a fact that the case was dismissed based on the court's
inherent power.
9. Most modern courts actively manage their own dockets, particularly those provided with full time
coordinators.