**DENIED and Opinion Filed February 10, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00137-CV

No. 05-15-00139-CV

No. 05-15-00140-CV

**IN RE ERIK BOWEN, Relator**

**Original Proceeding from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80668-09, 401-80666-09, 401-80667-09**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Evans

Relator filed this petition for writ of mandamus complaining the trial court has failed to rule on his motion for forensic DNA testing. Relator's petition for writ of mandamus in this case fails to comply with rule 52 in a number of respects. "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Because the record in a mandamus proceeding is assembled by the parties, *see* TEX. R. APP. P. 52.3(j), 52.3(k), 52.7, this Court strictly enforces the authentication requirements of rule 52 of the rules of appellate procedure to ensure the integrity of the mandamus record. *See, e.g.*, *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to

authenticate record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original.").

Relator's petition for writ of mandamus does not include a certification that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."  TEX. R. APP. P. 52.3(j).  It does not include an appendix or record in support of the petition.  TEX. R. APP. P. 52.3(k)(1)(A); 52.7(a).

Further, the relator's petition does not demonstrate that the relator has taken any measures to obtain a ruling on his motion.  A court is not required to consider a motion that has not been properly called to its attention.  *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied).  The duty to procure a hearing rests on the moving party, not upon the trial judge. *Bolton's Estate v. Coats*, 608 S.W.2d 722, 729 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.).

Relator's petition fails to establish a right to mandamus relief.  We **DENY** the petition. TEX. R. APP. P. 52.8.

/David Evans/
_____
DAVID EVANS
JUSTICE

150137F.P05

–2–